No. 21,166.

L. D. LESEM, M. REINBERG and TILLIE LESEM, *Appellees*, v.
BEN HARRIS, *Appellant.*

### SYLLABUS BY THE COURT.

1. CONTRACTS—*Written Contract—Contemporaneous Verbal Contract—
Verbal Contract Disregarded.* To the petition to recover on a written
contract for the payment of money the answer set up an additional
written contract made at the same time, and also a verbal contract
varying the terms of the written instruments. *Held,* that under the
primer and horn-book rule such oral agreement was properly disre-
garded.

2. SAME — *Petition — Answer — Judgment on Pleadings Improper.* The
petition alleged ownership by the plaintiffs of a certain lease, a part
of the consideration for the written instrument sued on. The answer
pleaded failure of consideration, and contained a general denial. *Held,*
that it was error to render judgment for plaintiffs on the pleadings.

3. SAME—*Motion to Make Definite—Properly Overruled.* The motion to
make the petition more definite and certain was properly overruled.

Appeal from Crawford district court; ANDREW J. CURRAN,
judge. Opinion filed January 12, 1918. Modified.

*George H. Stuessi,* of Pittsburg, for the appellant.

*Arthur Fuller,* and *W. J. True,* both of Pittsburg, for the
appellees.

The opinion of the court was delivered by

WEST, J.: The parties were owners of the capital stock of a
shoe company. The plaintiffs sold the defendant their stock
and interest in the goods and in the lease of the building where
the business was carried on, for $1,000, evidenced by a written
contract. At the same time another written agreement was
made, providing for the payment of another $500 on certain
conditions. In addition, the answer set up a third agreement,
made orally, to the effect that if the defendant should negotiate
a certain compromise settlement with the creditors of the com-
pany the plaintiffs should transfer all their interest. Further,
that if such contemplated settlement could be made by the de-
fendant for a sum not exceeding fifty cents on the dollar for the

Lesem v. Harris.

total liabilities of the company, then after the transfer by plaintiffs of their interest in the stock of goods and lease, the defendant was to pay plaintiffs a further sum of $500 as a consideration for the transfer of the stock and lease, but in no event should either of these sums be due or payable to the plaintiffs unless such settlement should be made and consent of the owners to the transfer by the plaintiffs of the lease to the defendant should be obtained, and the lease transferred at the same rental value provided in such lease, which contained a condition that no transfer or assignment could be made without the written consent of the lessors. It was further alleged that after this oral agreement a settlement was attempted, but without avail, because of the conduct of the plaintiffs, thereby eliminating the consideration for the defendant's contract to pay any sum whatever. That it afterwards developed by a proceeding in bankruptcy that the company, and not the plaintiffs, owned the lease, which was ordered sold by the trustee as a part of the estate of the bankrupt company, and that the defendant was compelled to buy in the assets, including the lease. Instead of replying to this answer, plaintiffs moved for judgment on the pleadings, which motion was sustained. The defendant's motion for new trial was overruled, and he appeals.

The court correctly construed the allegation of the oral contract as an attempt to vary the terms of the written agreement sued on. But the petition alleged ownership in the plaintiffs of certain shares of capital stock and of the lease, and the delivery of both to the defendant. It is argued by the defendant's counsel that the answer put in issue the ownership of the lease and the delivery of the goods and lease, and this is true.

It was alleged that upon determination that the lease belonged to the estate and not to the plaintiffs, it was put up for sale, and the defendant "was compelled to so purchase said stock and said lease, as the assets of said corporation, in order to secure the legal title and possession of the same to him, . . ." It cannot be told from the answer whether the possession of the lease was taken from the defendant or not. The only clear thing alleged in the answer is failure of consideration. If the plaintiffs did not own the lease, this, of course, would amount to a partial failure; but laying aside the long story about a verbal agreement, entirely out of harmony with

the written contract, the defense indicated was pleaded, and it was error to render judgment on the pleadings. (*McCready v. Dennis*, 73 Kan. 778, 85 Pac. 531; *Sparks v. McAllister*, 80 ·Kan. 546, 103 Pac. 127; *Cobe v. Coughlin*, 83 Kan. 522, 112 Pac. 115.)

The petition was not vulnerable to the motion to make definite and certain, and such motion· was properly overruled.

The judgment is modified as indicated, and the cause remanded for further proceedings in accordance herewith.