No. 23,725.

E. J. Ludwig and L. A. Fitch, *Appellants*, v. Charles L. Macy, *Appellee*.

### SYLLABUS BY THE COURT.

1. Real-estate Agent — *Commissions — Employment and Services of Agent Questions of Fact for Jury.* In an action for a real-estate dealer's commission, the defendant's denial of plaintiffs' employment by him and of their alleged agency service raises an issue of fact which cannot be disposed of on a motion for judgment on the pleadings.

2. Same—*No Error in Instructions.* Instructions touching the liability of a vendor of land to pay an agent's commission when the agent has produced a buyer who is ready, willing and able to buy examined and approved; and *held,* also, that when the principal issue of fact—the disputed question of the agent's employment—is resolved against the plaintiffs, the accuracy of the instructions as to liability on a commission earned, and as to what an agent must do to earn such commission, is immaterial.

3. Same—*Evidence Sustains Judgment.* The defendant's evidence examined and held to sustain the judgment in his favor.

Ludwig v. Macy.

Appeal from Decatur district court; WILLARD SIMMONS, judge. Opinion filed October 7, 1922. Affirmed.

*J. F. Peters,* of Oberlin, for the appellants.

*J. P. Noble,* and *P. T. Noble,* both of Oberlin, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action for an agent's commission on the sale of a farm. Plaintiffs were defeated and appeal.

The plaintiffs alleged that on September 15, 1919, they were employed by the defendant to find a purchaser for 320 acres of land, at a price of $10,000 to defendant, of which sum the plaintiffs were to receive $400 for their services. They further alleged that on May 14, 1920, they found a purchaser, Joseph Reaser, who was then able, willing and ready to buy, and that they brought Reaser to defendant, and that Reaser and defendant closed a contract for the farm at $9,600, and that the plaintiffs' commission was then due, but payment was refused.

Defendant's answer denied the employment of plaintiffs, denied that they found a buyer for him, and denied liability.

The testimony for the plaintiffs tended to show the matters alleged in their petition. The testimony for the defendant was to the contrary. He testified that he had a conversation with Ludwig, one of the plaintiffs, in September, 1919, in which Ludwig asked him his price on the farm, and that he replied that he would take $30 per acre ($9,600). Ludwig asked: "Would you pay a commission?" Defendant said he would not. He testified:

"He didn't say he would take it for sale. We parted then. . . .

"Q. 34. Did you at any time authorize him (meaning plaintiffs) to sell the land for you? A. No, sir.

"Q. 35. Did you at any time authorize him to find you a buyer? A. No, sir."

A witness, William Tuttle, who had no conversation with plaintiffs, testified that he had told Reaser that defendant's land was for sale.

Reaser, the man alleged by plaintiffs to have been produced by them as a buyer and with whom it was alleged that defendant made a contract of sale, testified:

"Q. 119. What if anything did he say (meaning Ludwig) about the contract they had to sell it before you went to Macy's? A. He says, our contract's run out, but we will go down and see him, he might still stay with the same price, but our contract's run out, he says. . . .

"Q. 148. You may state whether or not you was able, ready and willing to complete the contract? A. No, I wasn't able to fulfill it."

The defendant also testified that he made the contract with Reaser the latter part of May, 1920, and received $200 from him on the bargain, but that the deal fell through.

"Q. What have you done in the way of transferring the land to Mr. Reaser? A. Nothing. He paid me $200.00 and we let it go at that. He didn't take the land."

The jury returned a verdict for defendant, and answered special questions:

"1. Was J. D. Reaser able, and willing to buy the land on the terms as stated in the plaintiff's petition on September 10, 1920? Answer. No.

"2. State whether or not the said J. D. Reaser ever complied with the terms of the contract on or about September 10, 1920? Answer. No.

"3. Were plaintiffs the procuring cause of contract of sale entered into between defendant Charles E. Macy and Joseph Reaser? Answer. No."

This was simply a fact case, and the facts were resolved by the jury against the plaintiffs. They complain of the trial court's overruling their motion for judgment on the pleadings. That motion was filed after the cause was tried and after verdict and findings were rendered against them. Since the pleadings had raised an issue of fact, their motion was properly denied.

They also complain of the instructions as to defendant's liability if they were employed by him and procured a customer ready, willing and able to buy. These instructions were correct; but even if not, it would be immaterial here, since there was no employment of plaintiffs, and defendant owed them nothing on any theory of law.

They also find fault because the trial court submitted the special questions to the jury. It may be that these were not of controlling significance, but the general verdict does control; and we can see no point in plaintiffs' present assertion that "plaintiffs were the first to inform Reaser that the land of defendant was for sale." Reaser and Tuttle both testified to the contrary; but even if their testimony were disregarded and finding No. 2 eliminated, the jury's general verdict is a determination that they had not been employed by defendant, and consequently he owed them nothing.

Affirmed.