No. 24,835.

Charles W. Thompson, *Plaintiff*, v. John S. Downes, *Defendant*.

SYLLABUS BY THE COURT.

1. Quo Warranto—*Office of President of Ætna Building and Loan Association —Amendment to By-laws Not in Force Until Approved by Bank Commissioner—Amendment Inconsistent with General Statutes.* At the annual stockholders' meeting of a building and loan association, the by-laws were amended to provide for the election of president of the association by the stockholders, at that meeting and succeeding annual meetings. Immediately after adoption of the amendment defendant was elected president. The amendment had not been approved by the bank commissioner, and subsequently on presentation of the amendment to the bank commissioner he disapproved it, for reasons stated. *Held,* the by-law could not become operative until approved by the bank commissioner; the reasons given for disapproving it disclose a proper exercise of official discretion conferred by statute; the by-law was void because inconsistent with the requirement of the general corporation law that the president of a corporation shall be elected by the board of directors; and the defendant's election conferred no title to the office.

2. Same—*Defendant's Motion for Judgment on Pleadings Denied.* The pleadings considered, and *held,* defendant's motion for judgment on the pleadings should be denied.

3. Same—*Judgment for Plaintiff for Title and Possession of Office in Controversy.* The petition discloses due election of plaintiff. Defendant rests on his motion for judgment on the pleadings. *Held,* a waiver of production of proof by plaintiff to sustain the allegations of his petition.

Original proceedings in quo warranto. Opinion filed July 7, 1923. Judgment for plaintiff.

*John S. Dean, Harry W. Colmery,* and *Silas Porter,* all of Topeka, for the plaintiff.

*T. F. Doran,* and *A. M. Harvey,* both of Topeka, for the defendant; *Clayton Kline,* and *Randal C. Harvey,* of Topeka, of counsel.

The opinion of the court was delivered by

Burch, J.: The action is one to determine title to the office of president of the Ætna Building and Loan Association. The cause is submitted on defendant's motion for judgment on the pleadings.

At a meeting of the board of directors, held in 1922, defendant was elected president for the term of one year and until his successor should be elected and qualified. Before the annual stockholders' meeting, held on January 23, 1923, proxy sheets were

placed in the hands of agents in cities of Kansas and Oklahoma, to be signed by shareholders. Defendant's name appeared as first choice of signers, to act as their proxy. It is alleged, and denied, that this form of proxy sheet was used against instruction and over protest of the board of directors. Whatever the fact may be, when the meeting assembled, defendant held proxies which enabled him to dominate the meeting by overwhelming votes. Improving this opportunity, defendant amended four sections of the by-laws, in important particulars. The concurrence of four of the five directors was made necessary to the election of vice president and the appointment of secretary, assistant secretary, attorney, and auditing committee; stockholders were given authority to fix salaries; any one who is a bank officer was disqualified from becoming president of the association; and the following was adopted:

"The stockholders of this association shall, at the annual meeting, including this annual meeting, elect a president and treasurer, who shall be a member of the board of directors. Such president and treasurer to serve as president and treasurer of this association for the period of one year and until his successor is elected and qualified."

When the by-laws had been amended to defendant's satisfaction, he was elected director, and then was elected president by $13,438\frac{4}{5}$ votes. His proxies numbered 13,350.7 votes. The amendments to the by-laws were presented by the secretary of the association to the bank commissioner for approval on January 24, the day following defendant's election, and on January 26, the bank commissioner disapproved them.

Defendant's title rests upon the foregoing facts.

The first section of the statute relating to building and loan associations provides for the incorporation of such associations for stated purposes, and concludes as follows:

"Shall become a corporation . . . subject to all the duties, limitations and restrictions conferred by general laws upon corporations, except as hereinafter otherwise provided." (Gen. Stat. 1915, § 2209.)

The second section relates to what the articles of agreement shall set forth, and requires that the articles shall be signed, acknowledged, and recorded. (Gen. Stat. 1915, § 2210.)

The third and fourth sections read as follows:

"The shareholders of such corporation must make and adopt all necessary by-laws, rules and regulations for the local government of the affairs and business of the corporation: Provided, That the same shall not be inconsistent with the constitution or laws of the state. A copy of such by-laws, rules

and regulations must be filed in the office of the bank commissioner before such corporation can commence business, and such by-laws shall be approved in writing by the bank commissioner, which approval may be given or withheld in his discretion. All amendments to by-laws must be submitted to the bank commissioner for approval, and such amendments, when approved by him, shall become operative. Unless corporations organized hereunder shall engage in business as provided in this act within one year after date of issuing the certificate of incorporation, such certificate shall be deemed revoked.

"The number, title and functions of the officers of any corporation created by virtue of this or any previous act, their terms of office, the time of their election, as well as the qualification of electors, and the time of each periodical meeting of the officers and shareholders of such corporation, shall be provided for in the by-laws." (Gen. Stat. 1915, §§ 2211, 2212.)

A pertinent restriction of the general corporation law, with which building and loan association by-laws must be consistent, reads as follows:

"The directors or trustees shall choose one of their number president, . . ." (Gen. Stat. 1915, § 2123.)

The amendments to the by-laws did not have the approval of the bank commissioner, and consequently were not operative when defendant's election occurred, and besides that, the amendment relating to election of president was void.

Defendant says sections 2211 and 2212 relate to different classes of by-laws, one for affairs and business, and the other for officers and elections; one class the bank commissioner may approve; the other is not subject to his supervision.

Section 2211 includes not only business, but affairs of the corporation, and mentions affairs first. Number, title and functions of officers, terms of office, time of election, qualifications of electors, and meetings of officers and shareholders, are all strictly affairs of local corporate government, and the distinction between the two sections is this: Section 2211 makes the broad requirement of by-laws; section 2212 specifies details relating to corporate government. Succeeding sections specify details relating to corporate business. A corporation may not begin business until its by-laws have been filed with the bank commissioner for his approval or rejection, and no subsequent amendment becomes operative until it has been approved.

The bank commissioner's disapproval of the by-law is harshly assailed. The subject is not material here; but since it relates to conduct of a public official, acting within the scope of authority ex-

pressly conferred by law, and evidently sincerely endeavoring to discharge his duty, it will be noticed briefly. The letter of disapproval follows:

"January 26, 1923.

"Mr. F. J. Funk, Secretary Ætna Building and Loan Association,
 Topeka, Kansas.

"Dear Sir: I have examined the amendments to sections 1, 2, 5 and 9 of article V of the constitution and by-laws of the Ætna Building and Loan Association purporting to have been adopted at the regular annual meeting of said association held on the 23rd day of January, 1923, and by you presented to me on January 24, 1923, for my approval.

"I cannot give my approval to such amendments, and have endorsed my disapproval on same and respectively return such amendments herewith.

"I feel compelled to withhold my approval for the following reasons, viz.:

"The Ætna Building and Loan Association is organized under the general incorporation laws of the state of Kansas. Section 2124, General Statutes of Kansas 1915, is in the following words:

" 'The directors or trustees may adopt by-laws for the government of the corporation; but such by-laws may be altered, changed or amended by a vote of the stockholders, at an election to be ordered for that purpose by the directors or trustees, on the written application of a majority of the stockholders or members.'

"It does not appear that these amendments were adopted by a meeting of stockholders called as provided in said section. Section 2123, General Statutes of Kansas 1915, is in the following words:

" 'The directors or trustees shall choose one of their number president, and shall appoint a secretary and treasurer of the corporation. The directors or trustees, before entering upon their duties, shall each take an oath or affirmation faithfully to discharge the duties of his office.'

"This section provides that the *directors* shall choose one of their number as president. By-laws must not conflict with the statutes of the state. See section 2211, General Statutes of Kansas 1915.

"As a further reason for withholding my approval I must say that it appears to me that the purported adoption of these amendments is, without doubt, without the knowledge of most of the stockholders of the association who were represented by proxy, and is an attempt on the part of some one to perpetuate in the office of president the person who has heretofore been the president of the association. As the statute provides that the *directors* shall choose the president, I doubt very much whether any such amendment providing for the election of the president by the stockholders is legal. Further, any such radical change in the by-laws should not be made until after all stockholders have been given full and fair notice of the contemplated changes.

"Respectfully yours,

(Signed)   F. H. Foster,
            *Bank Commissioner.*"

The letter considers the amendments in two aspects, legality, and fairness to stockholders. Both subjects were pertinent to an exercise of official discretion. Aside from the reference to legality, the last paragraph states sound reason for disapproval. It was entirely proper the stockholders should know about defendant's extraordinary designs, and should approve them, before being concluded.

If the bank commissioner had been mistaken in his interpretation of the law, his disapproval would not be less effective; but he was right about the invalidity of the amendment providing for election of president by stockholders. That subject is expressly covered by section 2123, with which the amendment was inconsistent.

Defendant says section 2212 gives the corporation power to prescribe the qualification of electors. True enough, when the legislature has not already dealt with the subject. By statute, directors only are qualified to elect the president.

The third paragraph of the petition contains the following allegations respecting plaintiff's title to the office:

"On the 23d day of January, 1923, at the regular annual meeting of the stockholders of said association, a new director was elected for said association, and immediately after the close of said stockholders' meeting the board of directors met in the offices of said association, all of the directors, including the newly elected director [the defendant], being present, and the day having been spent with the transaction of business by the stockholders' meeting, and the hour of five o'clock having arrived, the said board of directors adjourned their meeting until the following day, January 24, at 2 o'clock p. m., at which time the said board of directors met and proceeded as provided in said section· 1, article 5, of the constitution and by-laws of said association to elect the officers of said association for the ensuing year. There was present at said directors' meeting, and participating therein, all of said board of directors except one, and thereupon the said board of directors proceeded to elect a president of said association for the ensuing year, and for the term of one year, and until his successor should be elected and qualified; and by a majority vote of said board of directors the plaintiff, Charles W. Thompson, was duly and legally elected as president of said association for the ensuing year, and until his successor should be duly elected and qualified. Thereupon the said plaintiff duly qualified as president of said association as required by law, . . ."

The answer to this paragraph reads as follows:

"Answering the allegations of paragraph 3 of the petition, the defendant admits that on the 23d day of January, 1923, at the regular annual meeting of the stockholders of said association a new director was elected for said association; and denies that immediately after the close of said stockholders'

14—114 Kan.

meeting the board of directors met, as alleged in said paragraph of the petition, and alleges that said board did not meet on that day and adjourn until the following day, January 24, and denies that the board of directors of said association held any valid or legal meeting on January 24, 1923, and did not at that time legally elect as president of said association the plaintiff herein."

Having chosen to raise an issue of fact relating to validity of plaintiff's election, defendant may not have judgment for the office on the pleadings. Defendant's real contention, however, is indicated by the following statements and admissions contained in his brief:

"Plaintiff in this case claims the office of president of the Ætna Building and Loan Association by virtue of a pretended election at a directors' meeting on January 24, 1923. The petition alleges that this meeting commenced January 23, 1923, and adjourned until January 24. This is denied by the defendant in his answer. Regardless of these conflicting allegations, it is not claimed that this was the regular date for the directors' meeting, nor that it was a special meeting called by the president or any two directors as provided in the by-laws. Only four directors were present. No notice of any kind is shown to have preceded the meeting.

"These facts alone demonstrate that the meeting was not a legal one, and this is conclusively shown by the minutes of the meeting, which show that the meeting was an adjourned meeting of the *old board of directors*—an adjournment of a meeting begun before the annual meeting of the stockholders. Nothing is shown or alleged as to a reorganization of the board after the stockholders' meeting, although a new director was elected."

Minutes of the directors' meeting held on January 23, supplied by defendant's brief, read as follows:

"Topeka, Kansas, January 23, 1923.

"The hour of 5 o'clock p. m. as fixed by the order of adjournment taken at the meeting of this board of the last previous day having arrived, the board of directors convened in the office of the association, and the meeting having been called to order by J. W. Berryman, with all the members of the board being present, director Berryman moved that the meeting adjourn till the following day, viz., Wednesday, January 24, 1923, at 2 o'clock p. m., which motion was seconded and unanimously carried, and the meeting was declared adjourned accordingly."

The by-laws of the association contain the following provisions:

"The board of directors shall hold stated meetings on the second Wednesday of each month, and special meetings may be held at any time upon the call of the president or any two directors. . . . A majority of the board of directors shall constitute a quorum."

It is not true that the petition alleges the meeting of January 24 commenced on January 23. The petition alleges that on January

Thompson v. Downes

23, after the stockholders' meeting, the board of directors met. The minutes say the meeting was pursuant to previous adjournment.

It is not necessary for plaintiff to claim that January 24 was a regular date for a directors' meeting, or that the meeting on that day was a special meeting called pursuant to by-law, or that notice of the meeting was given. All the directors were present at the meeting of January 23, and unanimously joined in adjourning until the next day, at 2 o'clock. At the meeting on the next day, a quorum, including the defendant, was present. And referring to the subject of claims, defendant nowhere claims he disputed, at the time, regularity of either meeting, each one of which he attended, and in each one of which he participated. All he did, according to his brief, was to protest the action of the board in electing the plaintiff.

The new director elected at the stockholders' meeting was the defendant, elected to succeed himself. He seems to regard the event as fraught with peculiar consequences to the board. He refers to the "old board of directors," using italics, as if a new board were created by his election. What happened was, defendant continued a member of a continuing body, the existence of which was not interrupted by his going out of and his coming back into office. That body could meet, as it did, pursuant to previous adjournment. Having so met, it could adjourn, as it did, to a future time, and then meet; and it could do all this without first reorganizing.

The motion for judgment on the pleadings in favor of defendant is denied.

Defendant advises the court he will rest upon the action of the court taken on his motion for judgment on the pleadings. This waives sending the cause to a commissioner to take evidence on the part of plaintiff to sustain the issues tendered by the petition, and the court finds generally for plaintiff.

Judgment is entered in favor of plaintiff for title, possession and enjoyment of the office in controversy, dating from January 24, 1923, and for costs, and the temporary order of ouster of the defendant, heretofore entered, is made permanent.