HOPPING v. THE DR. L. D. LE GEAR MEDICINE CO.

*Contracts—Alteration of order for goods—Burden on defendant to establish alteration by clear and convincing proof— Foreign corporations—Certificate from secretary of state unnecessary, when—Section 178 et seq., General Code— Company soliciting orders by traveling salesmen may maintain action, when.*

1. Defendant, claiming his order for goods was changed without his consent, after he signed it, has the burden of showing it by clear and convincing proof.

2. Foreign corporation, merely soliciting orders by traveling salesman, may maintain action for price without complying with Section 178 *et seq.*, General Code, and specifically Sections 187, 188.

(Decided May 24, 1926.)

ERROR: Court of Appeals for Warren county.

*Mr. Charles L. Hopping,* for plaintiff in error.
*Messrs. Stevenson & Stevenson,* for defendant in error.

BUCHWALTER, P. J. The action below was for money; the amount claimed being due as a result of an order for certain goods, alleged to have been ordered by the defendant, J. B. Hopping, from the plaintiff, the Dr. L. D. Le Gear Medicine Company, a corporation under the laws of Missouri.

It was alleged that the plaintiff company shipped goods to the defendant; that they were received by him, and no payment has been made on said account.

The defendant admitted that he had ordered certain articles so shipped, but that the agent of the plaintiff company had changed his order, including therein certain articles in addition to those ordered by him.

Defendant further claimed that the goods were to be shipped on consignment, and that the plaintiff was not permitted, under the laws of Ohio, to bring suit upon the contract because it had not complied with Section 178 et seq., General Code.

There was a reply filed by the plaintiff. A jury was waived, and the cause submitted to the court. A judgment was rendered, finding that the plaintiff was entitled to recover $28, and the defendant entitled to recover $3.75, for expressage paid by him. It is to reverse this judgment that error is prosecuted here.

The evidence discloses that a traveling salesman for the plaintiff company induced defendant to sign an order for certain goods, left with him a copy of said order as signed, and that later the plaintiff company shipped certain goods, including with those defendant had ordered certain other goods claimed not to have been contained in the order. These goods were received by the defendant, and later a bill was rendered for the full amount of all goods shipped and delivered. Defendant then wrote a letter of protest. However, he retained the goods for about eighteen months, and then claims to have reshipped them to the plaintiff company.

It was also contended by the defendant that the goods were sent on consignment, but, on the face

of the order blank, which is in evidence, and which the defendant admits having signed, it is expressly stipulated that the goods in the order were not commissioned.

Two main grounds of error are urged by the plaintiff in error. The first is that there was a material alteration in the order after the same had been signed by the defendant, made without his consent. To support this claim, various cases with reference to changes in negotiable instruments are cited. The burden of proof, however, to show that the order was changed, without the consent of the defendant, and after he had signed the same, was upon the defendant, and the proof was required to be clear and convincing.

An examination of the record does not show that the finding of the court was manifestly against the weight of the evidence in this respect.

The other defense set up in the answer was that the plaintiff had not complied with Section 178 *et seq.*, General Code, and that by the provisions of Section 187 this action could not be maintained. This was a foreign corporation, soliciting business by traveling salesmen in this state, and, under Section 188, General Code, is not required to comply with the provisions of the statute referring to the doing of business by foreign corporations in this state.

The court awarded judgment for the plaintiff for the amount covering the goods which defendant admits he ordered, and awarded to the defendant the amount spent by him for express charges in returning the goods to the plaintiff.

We find no error herein prejudicial to the plain-

tiff in error. The judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.