### RHOADES v. McDOWELL, Rec.

Ohio Appeals, 9th Dist., Summit Co.

No. 1192. Decided Feb. 23, 1927

**791. MOTIONS & ORDERS**—In a case where separate motions for judgment on the pleadings are made by the plaintiff and defendant and are submitted to the trial court at the same time, the admissions made by each party cannot be considered by the court in favor of the other in passing upon the respective motions, as said motions are independent of each other and present only questions of law upon the facts admitted by each motion.

**677. JUDGMENTS**—A judgment upon the pleadings cannot be rendered when issue is joined upon a single material proposition.

**First Publication of this Opinion**

PARDEE, J.

Blake McDowell as receiver for the Akron Prospect Company, commenced this action in the Summit Common Pleas to recover on the unpaid balance due upon a stock subscription made by J. Perry Rhoades to the Company. Said cause was presented to the trial court upon the amended petition of McDowell, the amended answer and cross petition of Rhoades, and the reply of McDowell.

McDowell alleged said Company was insolvent and that its assets consisted only of Rhoades' and others unpaid stock subscriptions, and that it was necessary to collect such money due thereon to pay debts.

Rhoades in his amended answer set up several defenses, including a general and specific denial, and further that the stock subscription was obtained by fraud and by the terms of the subscription, damages occurring by breach of contract, would be determined, upon default of the subscriber to be 20% of the total price for the stock, any surplus to be returned to the subscriber; and as he had paid more than 20% it was averred, he was released from further liability. Rhoades also filed a cross petition asking for relief and appointment of a master commissioner, etc.

McDowell, by way of reply denied all this and replied further that after this contract the company contracted debts upon the faith and credit of the stock subscriptions, and that Rhoades is estopped to allege fraud, etc. Before the case came on for trial, the cross petition was withdrawn and the case remains one of law.

When the case came on for trial upon the pleadings, as hereinbefore indicated, motions were made by both parties for a judgment on the pleadings and the court rendered judgment in favor of McDowell. In this court, Rhoades complains of this judgment, and asks for a reversal. The Court of Appeals held:

1. There is a well recognized distinction between the avoidance of liability upon a subscription for stock conditionally delivered and the avoidance of liability upon a stock subscription obtained by fraud - - - - which distinction is clearly pointed out in the case of Martin, Trustee, v. Steinke, 4 Abs. 38; 22 O. App. 119.

2. In that case, the defense was based upon a conditional delivery of a stock subscription and there was no evidence that any liabilities were created by the company after the date

of the subscription in reliance thereon. In the case of a conditional delivery of a stock subscription, there is no contract until the happening of a future event, whereas in cases where the stock subscription is obtained by fraud, the subscription is valid until rescinded and repudiated by the subscriber.

3. In this case, the judgment which was rendered in the trial court was upon the pleadings, and the motion which was made for said purpose bears a close resemblance to and is in the nature of a general demurrer; in fact, it is in substance both a demurrer and a motion. This motion, like a demurrer, raises only questions of law, and is aimed directly at the substance and not at the form of the pleadings. In considering this motion, the pleadings should be liberally construed in favor of said defendant.

4. Although separate motions for judgment were made by the plaintiff and the defendant, and were pending before the trial court at the same time for decision, the admissions thereby made by the defendant could not be considered by the court in passing upon the motion made by the plaintiff, and vice versa; and the court having overruled the motion of Rhoades, the admissions made by him for that purpose could no longer be considered by the court for any purpose.

5. Fraud was alleged in Rhoades' answer and if these affirmative allegations were proved before the jury, a complete defense to the action would be established, unless Rhoades was estopped from setting up said claim against the plaintiff in his representative capacity as receiver of said corporation for the benefit of its creditors.

6. These allegations of fraud, for the purpose of the motion, were admitted to be true by the plaintiff, and the allegations of the cross-petition did not militate against or modify them in any way. This, then, presented a question of fact to be determined by the jury upon evidence offered, which question of fact the court was incompetent to determine.

7. The affirmative facts of alleged estoppel set up and relied upon in the reply, were as a matter of law, denied, and being denied the court of course could not pass upon them over the objection by Rhoades, for it is a well recognized rule that where issue is joined upon a single material proposition a judgment upon the pleadings cannot be rendered.

Judgment therefore reversed.

(Washburn, PJ., and Funk, J., concur.)

Attorneys—Mottinger & Evans for Rhoades; Amos. H. Engleback and C. T. Grant for McDowell; all of Akron.

# CODE NOTES

## FEBRUARY CODE NOTES

**Sec. 534 GC. INHERITANCE TAX.**

When, upon succession, the interests of estates of the successors are dependent upon contingencies or conditions whereby the estate given may be created, defeated, extended or abridged, a tax shall be imposed upon the conditional successions, at the highest rate, under a temporary order pursuant to provisions of. Tax Commission v. Bank. OA. 5 Abs. 70.

**Sec. 1465-76 GC. EMPLOYERS.**

Nothing shall affect the civil liability of such employees. Cleveland (City) v. Lovering. OS. Pend. 5 Abs. 123.

**Sec. 1465-90 GC. INDUSTRIAL COMMISSION (Appeal)**

Is an order of the Industrial Commission disallowing a claim, or the refusal to allow a rehearing, the final action of the commission as to filing an appeal? Ind. Com. v. Benco. OS. Pend. 5 Abs. 76.

**Sec. 1685 GC. STATUTES.**

Is 1685 GC. requiring a court of record to determine and adjudicate matters submitted to it within thirty days, mandatory or directory? Lupson v. Zink. OS. Pend. 5 Abs. 124.

**Sec. 3324 GC. RAILROAD CROSSINGS.**

Is it the plain statutory duty of the railroad company to re-construct and make reasonably adequate the crossing involved, at its own expense? State v. Penn. Rd. Co. OS. Pend. 5 Abs. 93.

**Secs. 4129 and 4141 GC. FINES AND PENALTIES.**

These sections refer to workhouses, and not jails. State ex Kohler v. Goldstein. OA. 5 Abs. 82.

**Secs. 4328-4361 GC. MUNICIPAL CORPORATIONS.**

Under, limiting the amount to be purchased by a village under the board of public affairs to $500 without a valid ordinance being passed by council who must make a contract with the lowest bidder after advertisement, omission of either imposes no valid obligations upon the village. Ludwig-Hommel & Co. v. Woodsfield (Vil.). OS. 5 Abs. 78.

**Sec. 4357 GC. PUBLIC WORKS.**

Provides in part for the creation of a board of public affairs in each village owning or operating water works, electric light plant, etc.; and each member is to be elected for a two year term. Board of Affairs, In Re. At. G. 5 Abs. 78.

**Sec. 4692 GC. SCHOOLS AND SCHOOL DISTRICTS.**

In part provides: "If an entire district is transferred, the board of education of such district is hereby abolished." School Districts, In Re. At. G. 5 Abs. 78.

**Sec. 6071 GC. INTOXICATING LIQUORS.**

See Sec. 13195 GC. Abrahams v. Beaman, Aud. Com. Pl. 5 Abs. 77.

**Sec. 6212-17 GC. INTOXICATING LIQUORS.**

See Sec. 11148-55 GC. Kohler v. State ex Goldstein. OA. 5 Abs. 82.

**Sec. 6212-37 GC. MUNICIPALITIES.**

The council of any village may appropriate the necessary funds, for the purpose of hiring attorneys, detectives, or secret service officers to secure the enforcement of the prohibition law. State v. Bloz. OA. 5 Abs. 104.

**Sec. 8310-11 GC. MECHANICS' LIENS.**

Such improvements are contemplated in, which are the sections that provide for mechanics' liens. Taylor, In Re. U. S. D. 5 Abs. 89.

**Sec. 8321-1 GC. PRIORITY (Mortgages).**

Expressly limits the precedence of the lien upon the conditions that the proceeds are actually used in the improvement. Taylor, In Re. U. S. D. 5 Abs. 89.

**Sec. 8542 GC. PRIORITY (Mortgages).**

Gives priority to mortgages as from the date of filing by their covenants they are bound by subsequent acts of the legislature. Taylor, In Re. U. S. D. 5 Abs. 89.

**Sec. 8573 GC. WILLS.**

Real property which comes to one by a will wherein certain debts must be paid thereon and legacies distributed etc., such is a devise and passes under this section. Vordran v. Kintz. OA. 5 Abs. 100.

**Sec. 8618 GC. FRAUDULENT CONVEYANCE.**

Question as to conflict of decision of lower court, and finding of reviewing court. Overton v. Kushmeder et. OS. Pend. 5 Abs. 124.

**Sec. 8621 GC. STATUTE OF FRAUDS.**

The amendment to, effective July 10, 1925, does not