No. 36,073

Irene V. Ewing, *Appellee*, v. The Pioneer National Life Insurance Company, *Appellant*.

(147 P. 2d 755)

Opinion filed April 8, 1944.

*Harry W. Colmery*, of Topeka, argued the cause, and *Byron M. Gray*, of Topeka, and *John W. Breyfogle, Jr.*, of Olathe, were on the briefs for the appellant.

*Harry Miller, Jr.*, of Kansas City, argued the cause, and *Carl V. Rice, Donald E. Martin*, both of Kansas City, and *Howard Payne*, of Olathe, were on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J.: This action was instituted by the beneficiary under a life insurance contract to enforce full payment of the amount described in such policy of insurance as payable on the death of the person insured by its provisions. At the trial defendant moved for judgment on the pleadings. The motion was overruled and the appeal is from that ruling.

So far as they pertain to issues raised by the appeal pertinent allegations of the plaintiff's amended petition are as follows:

"1. That she is a resident of Wyandotte County, Kansas, and her correct post office address is 4104 Francis, Kansas City, Kansas; that defendant is a corporation organized and existing under and by virtue of the laws of the State of Kansas with its principal office at Topeka, Kansas; that at all times

hereinafter mentioned plaintiff was a resident of Johnson County, Kansas, and her correct address was 550 West Park, Olathe, Kansas.

"2. That the defendant, pursuant to written application of Minnie Ann Ewing therefor, on or about September 4, 1928, executed and issued its policy of insurance on the life of the said Minnie Ann Ewing, and the said Minnie Ann Ewing paid the first premium required to be paid thereon.

"3. That the defendant by its said contract of insurance, insured the life of Minnie Ann Ewing in the sum of Five Thousand Dollars ($5,000.00), and in consideration of the premiums agreed to be paid by the insured and the agreements and covenants set forth in said contract, agreed to pay said sum to the beneficiary named in said policy upon receipt and approval of proofs of death of the insured, subject to the terms and conditions of said policy; that a true and correct copy of said application and life insurance policy is hereto attached marked Exhibit A and made a part hereof by reference.

"4. That on or about October 3, 1941, the said Minnie Ann Ewing died at her home in Olathe, Johnson County, Kansas; that at the time of her death, she had fully complied with all the terms and conditions of said policy and had paid all premiums required to be paid thereon, and said policy was not in default.

"5. That plaintiff is advised and therefore states upon information and belief that on or about October 1, 1941, the said Minnie Ann Ewing attempted to cancel said policy for its cash surrender value, and in accordance therewith surrendered possession of the original policy to the defendant. Plaintiff states, however, that at the time of surrender of said policy, Minnie Ann Ewing was of unsound mind and was not competent to transact business, or make a contract, or appreciate the nature and effect of her acts; that the attempt of Minnie Ann Ewing to cancel said policy was therefore ineffective, and said policy of insurance was in full force and effect at the time of her death.

"6. That defendant tendered to Ruth Lane Ewing, administratrix of the estate of Minnie Ann Ewing, the cash surrender value of the policy in the amount of nine hundred thirty-seven dollars and fifty cents ($937.50), in full release of its liability under said policy, but said administratrix and the plaintiff, on or about December 24, 1941, disaffirmed the purported agreement between Minnie Ann Ewing and defendant for the cancellation of said policy by returning said sum to the defendant and demanding the full amount of the policy.

"7. That plaintiff is the sole beneficiary under said policy of insurance and is entitled to the proceeds of said policy; that plaintiff on or about December 6, 1941, caused proofs of death of the insured to be filed with defendant, and that plaintiff has in all respects complied with the terms, and conditions of said policy, but defendant denies any liability on account of said policy, except for the cash surrender value thereof and has failed and refused to pay said policy.

"8. That under and by virtue of the provisions of said policy, the defendant is indebted to plaintiff in the amount of five thousand dollars ($5,000.00), less the amount of a premium lien existing against the policy in the approximate amount of eight hundred seventy-seven dollars and fifty cents ($877.50), together with interest at the rate of Six per cent (6%) per annum from December 24, 1941, until paid."

The defendant's amended answer covers more than twelve pages of the abstract exclusive of seven exhibits which are attached to and made a part thereof. Briefly, it denies generally the allegations of the petition, alleges the individual insured by the policy was mentally competent at all times during the negotiations leading up to and including the moment of the surrender of the policy for its cash surrender value and expressly denies there had been any valid disaffirmance of the action taken by the insured in respect to that transaction. Numerous other defenses are pleaded by defendant in such answer but the allegations pertaining thereto are not important to a determination of the issues here involved and will not be here related. As to them it will suffice to say that unless such pleading contained allegations of new matter, which if undenied by the plaintiff would amount to an absolute bar to the cause of action set forth in her petition, they are of no consequence in determining the propriety of the trial court's action in overruling a motion for judgment on the pleadings although they may be important to defendant in making its defense to the plaintiff's action.

At this point it should be stated there is some controversy between the parties as to the status of the reply at the time defendant's motion for judgment was ruled upon by the trial court. It is unnecessary to relate the circumstances under which that controversy arose or detail the reasons for its existence. In fairness it should be stated our examination of the record discloses there is justification for the position assumed by each of the parties to the controversy and that their contentions with respect thereto were advanced in the utmost good faith. We have, however, determined from what we can glean from the record and statements made by the parties in their briefs that sometime during the argument before the trial court on the motion that court granted the plaintiff permission to file a reply out of time, heard arguments of counsel and rendered its decision on such motion as though a reply containing a general denial of all allegations of new matter to be found in defendant's amended answer was actually on file. Certain it is that a reply was filed on September 10, 1943, within three days from the date of the hearing on the motion and seventeen days prior to the date on which the trial court rendered its judgment. Under such circumstances we feel it would not be fair to either the trial court or the plaintiff to do other than consider the reply as a part of the pleadings and treat it as having been so considered at the hearing. So treated, it must be con-

374

ceded, there is nothing in the amended answer which could be held as a matter of law to require the rendition of judgment on the pleadings, the reply having denied all allegations of new matter contained therein.

Throughout this entire proceeding, from the time of the filing of the motion for judgment on the pleadings up to and including its submission for appellate review, it would seem that all parties to this lawsuit have proceeded on the assumption such a motion is all-inclusive and that irrespective of vital questions of fact which are in dispute under the issues framed by the pleadings, the trial court and this court on appeal must determine their respective contentions, regardless of whether they should have been raised on a demurrer to the petition, might have been determined on a demurrer to the evidence, finally disposed of by the trial court when the entire cause was submitted to it for determination or otherwise disposed of during the course of the trial. We do not so understand it.

Ordinarily a motion for judgment on the pleadings invokes the judgment of the trial court on questions of law as applied to the pleaded and conceded facts. Under those circumstances this court has repeatedly held a motion for judgment is tantamount to a demurrer and that the ruling thereon depends upon the sufficiency of the pleadings against which the motion is leveled. Because motions for judgments are usually filed and considered under conditions where the facts are conceded, our decisions dealing with the effect of and the construction to be placed upon them when vital issues of fact are in dispute under the pleadings, are not numerous. That, however, does not mean courts are limited in all cases to questions pertaining to the sufficiency of pleadings in their rulings on motions for judgment. The general rule as to the construction to be placed upon such motions, where material issues of fact are joined by the pleadings upon which a valid judgment might be based, is well stated in 1 Bancroft's Code Pleading, which reads:

"A judgment on the pleadings is rendered, not because of the lack of evidence or proof, but because of a lack of issue of fact. If there is no issue of material fact presented by the pleadings, then it becomes a question of law as to which party is entitled to judgment. But if a material issue of fact is presented, and remains undetermined, a judgment on the pleadings is improper. This rule is not altered merely because the issue is offered or joined by pleading defective in form." (p. 924.)

"Where an issue has been joined by the filing of a complaint, answer and replication and the defendant moves for judgment on the pleadings, the motion should not be sustained, unless the defendant will be entitled to a

judgment, no difference what the findings might be upon the issues of fact joined." (p. 926.)

See, also, Bates' Pleading, Practice, Parties and Forms, 4th ed., 352, § 412; 41 Am. Jur. 521, § 336; 49 C. J. 670, § 948; *Childers v. New York Life Ins. Co.,* 117 Okla. 7, 245 Pac. 59; *Smith v. Hughes,* 135 Okla. 296, 275 Pac. 628; 65 A. L. R. 573, and *Rhoades v. Mc-Dowell,* 24 Ohio App. 94, 156 N. E. 526.

Our decisions in line with the general proposition just stated are to the effect that a judgment upon the pleadings cannot be rendered when issues are joined by such pleadings upon material questions of fact. This is the rule, irrespective of whether the issues are joined by pleadings which are insufficient in form or what the findings of the trial court may eventually be on the issues raised by them. (See *Chamberlain Co. v. Bank,* 98 Kan. 611, 160 Pac. 1138; *Thompson v. Downes,* 114 Kan. 205, 210, 216 Pac. 824; *Ludwig v. Macy,* 112 Kan. 18, 20, 209 Pac. 657, *McCready v. Dennis,* 73 Kan. 778, 85 Pac. 513, and *Lesem v. Harris,* 102 Kan. 222, 169 Pac. 959.)

Measured by the doctrine announced in the foregoing treatises and decisions, what is to be said for appellant's contention the trial court erred in overruling its motion for judgment on the pleadings? Without filing a motion to make more definite and certain or a demurrer appellant, confronted with the petition herein set forth, proceeded to make up the issues in the instant action by filing its amended answer, allegations of which among other things in defense of the cause of action set up by the plaintiff, were to the effect that the insured surrendered the contract of insurance with full comprehension of her act and at a time when she was sane and mentally competent to take such action and denied there had been disaffirmance by the parties alleged in the amended petition to have made such disaffirmance. By that action appellant joined issue on the vital and material question of fact as to whether insured was insane at the time she took the action which it claimed resulted in divesting the appellee of any rights under the contract sued on. It joined the further issue, material to a determination of the rights of the parties, of whether, if insured was insane at such time, there had been a disaffirmance of her action. Having chosen to join issue on these material propositions of fact, it is our opinion there can be no question, but that under the rule heretofore announced and to which we adhere, the appellant was precluded from

obtaining judgment on its motion and the trial court's ruling must be approved.

Many interesting questions with respect to the rights of the parties under the issues raised by the pleadings have been raised in the briefs and discussed by counsel for both appellant and appellee. Having concluded the trial court properly overruled the motion for judgment on the pleadings their determination is neither necessary nor proper on this appeal.

The judgment is affirmed.