**STANGE, Admr., Appellant, v. CAMPBELL, Admr., etc., Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6454.   Decided January 8, 1945.

Peck, Shaffer & Williams, Cincinnati, for appellant.

August A. Rendigs, Jr., Cincinnati, and Elmer E. Strasser, Cincinnati, for appellee.

**OPINION**

By HILDEBRANT, J.

The common pleas court entered judgment on the pleadings for defendant, which is claimed here to be an error of law.

The suit is for wrongful death between the administrators of two decedents, the plaintiff's decedent being a guest and the defendant's decedent the operator of an automobile which collided with a street car, resulting in the death of both.

The second defense of the amended answer alleges that plaintiff failed to present to defendant's administrator any claim within the four months prescribed by §10509-112 GC, and alleges such failure to be a bar to this proceeding.

In the amended reply, plaintiff alleges his appointment as administrator on March 23, 1942 and admits defendant was appointed administrator on November 13, 1941. Plaintiff then denies each and every other allegation of the amended answer, including the allegations of the second defense set forth above.

Defendant's motion for judgment on the pleadings was granted by the trial court and appellant claims that action to be in error, for the reason that while the pleadings show on their face that defendant administrator was appointed more than four months prior to plaintiff's appointment, and, hence, it was impossible for plaintiff administrator in his capacity as administrator of plaintiff's estate to have complied with §10509-112 GC, nevertheless, the allegation of noncompliance with §10509-112 GC, contained in the second defense stands denied by the pleadings and that, therefore, an issuable fact was disclosed by the pleadings and the motion for judgment on the pleadings was erroneously granted.

Obviously, the claim could not have been presented within four months, in compliance with §10509-112 GC, by plaintiff's administrator in the capacity of administrator, as he admits the date of his appointment to be March 23, 1942, more than four months after November 13, 1941—the date of defendant Administrator's appointment. The denial of failure to present, therefore, could have no substantive effect in the face of the admissions of plaintiff administrator, as administrator, as to the date of his appointment, more than four months after the date of the appointment of defendant administrator, and, unless the statute, §10509-112 GC, could be so construed in conjunction with the wrongful death statutes, so that presentation of the tort claim made by

one of the statutory beneficiaries might be considered compliance therewith, the motion for judgment on the pleadings was properly granted. If such were the case, the denial in the pleading as to failure to present would raise an issuable fact and a motion for judgment on the pleadings would be not well taken.

Sec. 10509-112 GC, provides:

"All claimants shall present their claims to the executor or administrator in writing, including claims arising out of contract, out of tort, on cognovit notes or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated. All claims shall be presented within four months after the date of the appointment of the executor or administrator. Every claim presented thereunder shall set forth the claimant's address. In the absence of any prior demand for allowance, the executor or administrator shall allow or reject all claims within thirty days after their presentation; provided that failure of the executor or administrator to allow or reject within said time shall not prevent him from doing, so thereafter nor shall it prejudice the rights of any claimant. Upon the allowance of a claim, the executor or the administrator, on demand of the creditor, shall furnish the creditor with a written statement or memorandum of the fact and date of such allowance. Any person whose claim has been presented and allowed (and not thereafter rejected) shall be deemed a creditor as said term is used in this chapter. Claims which are contingent need not be presented except as otherwise provided in this chapter."

The characteristics of such a motion and judgment are set out in **Mayfield v Kovac, 41 Oh Ap 311,** as follows:

"In determining whether or not it was error for the court to render such judgment, we must keep in mind the fact that a motion for a judgment on the pleadings is similar to a demurrer, for it raises only questions of law, and involves the substance rather than the form of the pleadings; and a court in passing upon such motion is required to liberally construe the pleadings in favor of the party against whom said motion is made and give to the party against whom the motion is made every reasonable inference deducible from the pleadings, and the court is not permitted to consider anything not shown by the pleadings. We must also keep in mind that a judgment rendered on the pleadings is a judgment on the merits, and, when sustained in favor of the one who

makes the motion, results in a final judgment in his behalf. **Rhoades v McDowell, Recr., 24 Oh Ap 94, 156 N. E., 526.**"

The section of the code above quoted (**§10509-112 GC**) has been held to be a statute of limitation or non claim statute, which bars claims not presented to an administrator or executor within four months after the date of appointment. **Beach v Mizner, 131 Oh St 481.** It is further held that the statutory requirements are mandatory and may not be waived by the personal representative. The **Prudential Ins. Co. of America v The Joyce Bldg. & Realty Co.,** et al. and **Prudential Ins. Co. of America v Huntington Nat'l Bank, 143 Oh St 564; 28 O O 480.**

The claim in this case to be presented is the cause of action which exists by virtue of the wrongful death statutes and which may be asserted only in the name of the personal representative of the deceased, even though for the benefit of the surviving spouse, children, or other next of kin.

Would not demand by one who qualified as beneficiary under **§10509-67 GC,** be a vain thing, for the reason that disallowance of the individual demand could not be followed under the law by individual action?

Again, how would payment to one individual beneficiary protect the administrator from claims of further beneficiaries and, thus, multiple liability?

The law as it stands reserves to the court the function of determining who the proper beneficiaries are and effecting a proper distribution among them, thus enabling the administrator to safely pay and achieve the over-all object of the statutes involved, which is to effect a speedy settlement and distribution and closing of decedent's estates. The courts have said in the case of a minor that the disability had nothing to do with the statutes on presentment of claims and even where a minor was beneficiary, the action was to the administrator and the claim had to be presented within four months. In **Breen, Admx., v Conn, et al., 64 Oh Ap 325,** at 327-328, it is said:

"**Sec. 10509-112 GC,** is what is known as a non-claim statute (Beach v Mizner, supra)—that is, one which required an act to be done as a prerequisite to the accrual of a cause of action; and the general rule as to such statutes is that all persons whether under disability or not, are bound thereby unless excepted from their operation by a saving clause."

We, therefore, conclude that although giving to the general denial of the failure to present the claim the most generous inference of referring to presentment by a proper beneficiary, such presentment could not remotely satisfy the statute requiring the thing to be done before suit, to be done by an administrator or executor before the cause of action could arise.

Since the pleadings admit the plaintiff's appointment was not made until more than four months after the date of the appointment of defendant administrator, compliance with §10509-112 GC, is shown to be impossible. A failure to comply is a bar to the action and being thus shown by the pleadings, the motion for judgment thereon was rightfully sustained.

Judgment affirmed.

ROSS, P. J., HILDEBRANT & MATTHEWS, JJ., concur in syllabus & opinion.