[Cite as *Matrix Acquisitions, L.L.C. v. Manley*, 2014-Ohio-2860.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| MATRIX ACQUISITIONS LLC | | C.A. No.     27191 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| EILEEN MANLEY | | STOW MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.     09 CVF 1983 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2014

HENSAL, Presiding Judge.

{¶1}    Appellant, Eileen Manley, appeals the judgment of the Stow Municipal Court. For the following reasons, this Court reverses.

I.

{¶2}    Appellee, Matrix Acquisitions LLC, sued Ms. Manley in 2009 alleging that she owed $4,964.31 on a credit card account. Matrix received a default judgment that the trial court vacated in 2013 after Ms. Manley challenged the judgment due to defective service of the summons. After the judgment was vacated, the parties filed cross-motions for summary judgment. The trial court denied Ms. Manley's motion and awarded summary judgment to Matrix. Ms. Manley appeals raising five assignments of error, which we rearrange and combine to facilitate our analysis.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DISREGARDING THE DEFECTS IN THE CHAIN OF TITLE OF THE CLAIM ASSERTED BY MATRIX AND THEREFORE, MATRIX FAILED TO ESTABLISH THAT IT IS A REAL PARTY IN INTEREST.

**{¶3}** Ms. Manley argues in her first assignment of error that the trial court erred in granting summary judgment to Matrix as it failed to establish a sufficient chain of title for the account to prove that it was entitled to maintain the action against her as the real party in interest. This Court disagrees.

> In an action on an account, when an assignee is attempting to collect on an account in filing a complaint, the assignee must "allege and prove the assignment." In other words, in order to prevail, the assignee must prove that they are the real party in interest for purposes of bringing the action. An assignee cannot prevail on the claims assigned by another holder without proving the existence of a valid assignment agreement.

(Citations omitted.) *Natl. Check Bur., Inc. v. Ruth*, 9th Dist. Summit No. 24241, 2009-Ohio-4171, ¶ 6, quoting *Worldwide Asset Purchasing, L.L.C. v. Sandoval*, 5th Dist. Stark No. 2007-CA-00159, 2008-Ohio-6343, ¶ 26. "It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the * * * court." *Citibank N.A. v. Rowe*, 9th Dist. Lorain No. 12CA010217, 2013-Ohio-523, ¶ 8, quoting *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 41.

**{¶4}** In moving for summary judgment, Matrix submitted the affidavit of its records custodian, Matthew J. Busser, who testified that Ms. Manley was issued a credit card by Chase Bank USA N.A./First USA on November 2, 2001. Attached to his affidavit were the following documents: (1) a "Bill of Sale" assigning certain accounts from Chase Bank USA, N.A. to

Dodeka, LLC that was executed on February 13, 2009; (2) a redacted copy of a spreadsheet that was attached to the bill of sale which lists an account belonging to Ms. Manley as one of the accounts being assigned to Dodeka, LLC; (3) an "Assignment of Accounts" from Dodeka, LLC to Matrix that was executed on March 11, 2009; (3) a redacted copy of a spreadsheet that was attached to the assignment which lists an account belonging to Ms. Manley as one of the accounts being assigned to Matrix.

{¶5} Ms. Manley argues that the assignment from Dodeka to Matrix occurred on March 11, 2008, before Dodeka purchased the account from Chase. The assignment states that:

> Dodeka, L.L.C. * * * transfers, sells, assigns, conveys, grants and delivers to Matrix Acquisitions, LLC all right, title and interest in and to Seller's Receivables which are described on computer files furnished by Seller to Buyer in connection herewith; and all proceeds of such accounts * * * after the close of business on the Closing Date.

> This Assignment is subject to the terms of the Confidential Agreement for Sale and Purchase of Receivables dated March 11, 2008, between Seller and Buyer * * * [.]

The document was signed by a Dodeka, LLC officer on March 11, 2009.

{¶6} Ms. Manley misconstrues the March 11, 2008, date referenced as the date of the Confidential Agreement as the date that Dodeka transferred her specific account to Matrix. A plain reading of the assignment reveals that the "Confidential Agreement for Sale and Purchase of Receivables dated March 11, 2008" is a separate contract whose terms are incorporated into the later-dated assignment. Accordingly, her assignment of error is overruled.

ASSIGNMENT OF ERROR FIVE

> THE TRIAL COURT ERRED WHEN IT FAILED TO TAKE INTO ACCOUNT RECENTLY DISCOVERED EVIDENCE SUBMITTED BY CARDHOLDER REGARDING MATRIX'S FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BY VIOLATING THE STATU[T]E OF LIMITATIONS.

{¶7} In her fifth assignment of error, Ms. Manley argues that the trial court erred when it found that she waived her statute of limitations defense. This Court disagrees.

{¶8} Initially, we note that Ms. Manley appeared pro se in the court below and also appears pro se on appeal. With respect to pro se litigants, this Court has held that

> pro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that [s]he remains subject to the same rules and procedures to which represented litigants are bound. [She] is not given greater rights than represented parties, and musts bear the consequences of [her] mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party.

*Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3.

{¶9} Civil Rule 8(C) provides that, "[i]n a pleading to a preceding pleading, a party shall set forth * * * statute of limitations * * * and any other matter constituting an avoidance or affirmative defense." Failure to set forth an affirmative defense, other than those listed in Civil Rule 12(B), acts as a waiver if the defense was not raised in the pleadings or in an amendment to the pleadings. *Jim's Steak House, Inc. v. Cleveland*, 81 Ohio St.3d 18, 20 (1998). "[T]his [C]ourt has previously held that defenses such as * * * the statute of limitations * * * are not defenses that are specifically permitted to be raised by Civ.R. 12(B) prior to a responsive pleading; therefore, they may not be asserted on a motion to dismiss pursuant to Civ.R. 12(B)." *Paul v. World Metals, Inc.*, 9th Dist. Summit No. 20130, 2001 WL 196513, *2 (Feb. 28, 2001).

{¶10} After the original default judgment was vacated, Ms. Manley filed an answer that denied the allegations in Matrix's complaint and asserted the affirmative defenses of failure to state a claim upon which relief can be granted and failure to join all necessary parties. She filed an objection to the magistrate's decision that granted Matrix summary judgment on its complaint. After Matrix filed a brief in opposition to her objection, Ms. Manley filed a motion to

strike Matrix's brief on the basis that the Civil Rules do not provide for such a response. Matrix filed a brief in opposition to her motion to strike. In her reply to Matrix's brief in opposition, Ms. Manley raised her argument that the statute of limitations barred Matrix's claims for the first time. Ms. Manley maintains that she could not set forth this defense as she had only just received the documentation necessary to support her argument.

{¶11} In its judgment denying Ms. Manley's objection, the trial court denied her motion to strike as moot since it had not considered Matrix's brief in opposition when rendering its decision on her objection. The trial court further found that Ms. Manley had waived her statute of limitations defense since she did not raise it in any pleading.

{¶12} Ms. Manley did not assert the statute of limitations as an affirmative defense in her answer. Further, she did not seek to amend her answer as provided by Civil Rule 15. To the extent that Ms. Manley argues that her affirmative defense of failure to state a claim upon which relief may be granted pleaded in her answer was sufficient to preserve her statute of limitations defense, this Court notes that such a defense is not one of the Civil Rule 12(B) defenses. *See Paul*, 2001 WL 196513 at \*2. Pleading a failure to state a claim upon which relief can be granted under Rule 12(B)(6) does not, therefore, encompass an affirmative defense of the statute of limitations. *Id.*; *State ex rel. Carter v. Vermilion*, 9th Dist. Lorain No. 98CA007275, 2000 WL 670670, \*2 (May 24, 2000).

{¶13} Accordingly, the trial court did not err in finding that Ms. Manley waived her statute of limitations defense. Her fifth assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN FINDING THAT MATRIX'S AFFIDAVIT FULFILLED THE PERSONAL KNOWLEDGE REQUIREMENT.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN FINDING THAT MATRIX'S EXHIBITS AS SUBMITTED WITH MATRIX'S MOTION FOR SUMMARY JUDGMENT, FILING DATED 05-22-13, WAS ADMISSIBLE EVIDENCE UNDER THE OHIO RULES OF EVIDENCE.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN FINDING THAT MATRIX'S EXHIBITS AS SUBMITTED WITH MATRIX'S MOTION FOR SUMMARY JUDGMENT, FILING DATED 05-22-13, SUPPORTED MATRIX'S RIGHT TO MAKE A CLAIM.

**{¶14}** Ms. Manley argues in her second, third, and fourth assignments of error that the affidavit and its attachments, which Matrix submitted in support of its motion for summary judgment, were insufficient to prove that it was entitled to judgment as a matter of law. As the issues are interconnected, we will address them together.

**{¶15}** An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. Summit No. 25427, 2011–Ohio–1519, ¶ 8. Pursuant to Civil Rule 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The movant must specifically identify the portions of the record that demonstrate an absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the movant satisfies this initial burden, the nonmoving party has a reciprocal burden to point to specific facts that show a genuine issue

of material fact for trial. *Id.* The nonmoving party must identify some evidence that establishes a genuine issue of material fact, and may not rely upon the allegations and denials in the pleadings. *Sheperd v. Akron*, 9th Dist. Summit No. 26266, 2012–Ohio–4695, ¶ 10.

{¶16} Mr. Busser averred in his affidavit offered in support of Matrix's motion for summary judgment that it is Matrix's "regular practice" to have its attorneys send subpoenas to the original creditors of its collection accounts to request additional documentation. He testified that, "[i]n the instant matter, [Matrix's] counsel sent such a subpoena, and original creditor Chase Bank responded with documents, which were reviewed by [Matrix], incorporated into [Matrix]'s business records, and relied upon by [Matrix]." According to Mr. Busser, Chase produced the following documents in response to the subpoena, which were attached to his affidavit and submitted in support of Matrix's motion for summary judgment: (1) monthly account statements sent to Ms. Manley from January 2, 2004 through June 7, 2007; (2) a "[c]redit [c]ard [a]pplication" purportedly signed by Ms. Manley in October of 2001; and (3) several addendums to the Cardmember Agreement.

{¶17} Ms. Manley filed a brief in opposition to Matrix's motion for summary judgment along with her own motion for summary judgment. She argued, in part, that Mr. Busser did not have sufficient personal knowledge to set forth the averments in his affidavit. In substance, her argument is that Mr. Busser's averments were hearsay and that the documents obtained from Chase via subpoena were not authenticated. In addition, Ms. Manley submitted an affidavit in support of her motion for summary judgment wherein she averred that she never secured credit from Chase Bank and denied that the credit card described in Matrix's complaint belonged to her. While she admitted responding to an invitation for credit, she maintained that she never, in fact, received the credit she requested.

{¶18} In granting summary judgment, the trial court found that Mr. Busser's affidavit satisfied the personal knowledge requirements of Civil Rule 56(E) and Evidence Rule 602. Rule 56(E) provides that affidavits offered in support of summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Evidence Rule 602 states that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

{¶19} Mr. Busser averred in his affidavit that he garnered his personal knowledge of Ms. Manley's alleged delinquent account solely through a review of Matrix's business records. Evidence Rule 803(6) provides an exemption of the following documents from application of the hearsay rule:

> [a] memorandum, report, record, or data compilation * * * made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

This Court has recognized that

> [t]he theory supporting the business records exception is that such records are accurate and trustworthy because they are "made in the regular course of business by those who have a competent knowledge of the facts recorded and a self-interest to be served through the accuracy of the entries made and kept with knowledge that they will be relied upon in a systematic conduct of such business[.]"

*Monroe v. Steen*, 9th Dist. Summit No. 24342, 2009-Ohio-5163, ¶ 12, quoting *Weis v. Weis*, 147 Ohio St. 416, 425-426 (1947). Accordingly, "[t]he party seeking to admit the business records must provide the appropriate foundation for admission which indicates that the witness 'possess[es] a working knowledge of the specific record-keeping system that produced the

document.'" *Id*. at ¶ 13, quoting *State v. Aberle*, 5th Dist. Fairfield No. 03 CA 96, 2004-Ohio-7093, ¶ 24, 26. "The witness must be 'familiar with the operation of the business and with the circumstances of the preparation, maintenance, and retrieval of the record in order to reasonably testify on the basis of this knowledge that the record is what it purports to be, and was made in the ordinary course of business.'" *Id*., quoting *State v. Baker*, 9th Dist. Summit No. 21414, 2003-Ohio-4637, ¶ 11.

{¶20} Mr. Busser averred that some of the records, including the original credit application and account statements, were only obtained after Matrix served Chase with a subpoena. We conclude that his affidavit demonstrates a lack of personal knowledge regarding the preparation of the subpoenaed documents so that he is unable to aver that the documents are as they purport to be. Mr. Busser neither testified to any knowledge of Chase's record-keeping practices nor to any information about the scope of the subpoena that was served on it. Moreover, the supposed application demonstrates that Ms. Manley signed it in October of 2001 and requested to transfer $7,500 from an account ending in 0297 to the requested GE Select Platinum MasterCard. The monthly statements attached to Mr. Busser's affidavit, however, begin with a statement closing date of January 2, 2004. That statement shows that there was already an outstanding balance of $ 5,515.39 and that payments were being made. Accordingly, the trial court was presented with an incomplete picture of the credits and debits on the account. This is especially important because Ms. Manley denied that it was her credit card account.

{¶21} Because Mr. Busser failed to establish the requisite foundation for the admission of the documents Matrix obtained from Chase via subpoena, and because his personal knowledge of such matters was compiled solely from those records, this Court concludes that there was a genuine issue of material fact which precluded summary judgment to Matrix. The exhibits to

Mr. Busser's affidavit also raise a question as to the accuracy of the amount due that also prevents summary judgment to Matrix. Accordingly, Ms. Manley's second, third and fourth assignments of error are sustained.

## III.

{¶22} Ms. Manley's first and fifth assignments of error are overruled. Her second, third and fourth assignments of error are sustained. The judgment of the Stow Municipal Court is reversed and the cause is remanded for further proceedings.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
<u>CONCURS.</u>

MOORE, J.
<u>CONCURS IN JUDGMENT ONLY.</u>

<u>APPEARANCES:</u>

EILEEN MANLEY, pro se, Appellant.

JACKSON T. MOYER and NICHOLAS J. CHEEK, Attorneys at Law, for Appellee.