### MILLER v MARINO

Ohio Appeals, 9th Dist Summit Co

Decided Feb 25, 1937

Howard L. Weaver, Akron, Paul W. Vale, Akron, and James B. Greenfield, for appellant.

Gottwald & Breiding, Akron, for appellee.

### OPINION

By STEVENS, PJ.

The amended petition in this action alleges that the plaintiff, Margaret Miller, was an invitee upon the premises of the defendant, Carrie Marino, and that while seeking a toilet furnished by defendant for accommodation of patrons, "she inadvertently and through mistake opened the aforesaid door immediately adjacent to said toilet and fell forward into the darkened and unlighted passageway," to her injury and damage. The petition also sets forth certain claimed negligent acts on the part of the defendant.

Plaintiff further stated, in her amended petition, that "as the sole, direct and proximate result of the negligence on the part of the defendant as aforesaid, and without any fault or want of due care on her part contributing thereto, she sustained the following injuries."

Issues were joined by an answer and a reply.

When the cause came on for trial in the Court of Common Pleas, an oral motion for judgment upon the pleadings was in-terposed by the defendant, which motion was sustained by the trial court, and final judgment was entered in favor of the defendant and against the plaintiff. The cause is before this court upon appeal on questions of law.

It is contended by appellant that the trial court erred in holding that the allegations of the petition raised an inference of contributory negligence on the part of plaintiff as a matter of law, when it was stated that "she inadvertently and through mistake opened the aforesaid door."

Assuming that the court was right in so holding, that would not justify the court in rendering final judgment upon the pleadings, if the petition contained an allegation, in appropriate language, negativing such inference.

As has been suggested, the plaintiff attempted to negative such inference of contributory negligence by stating that her injuries occurred "without any fault or want of due care on her part contributing thereto," but it is claimed by the appellee that such statement is a mere statement of a legal conclusion and is not an appropriate statement to counterbalance said inference of contributory negligence.

It is the general rule that freedom from contributory negligence is ordinarily sufficiently alleged by a general averment that plaintiff was without fault or negligence, or was in the exercise of due care, without alleging specific acts to show the exercise of prudence and caution. If the defendant desires a more particular statement of facts, the remedy, if any, of the defendant is a motion to make the petition more specific, and not a motion for judgment on the pleadings.

In vindicating the soundness of such general rule, it has been said that such allegation is in the nature of a statement of a negative fact, and that an averment of such a fact cannot be made with the same particularity as an affirmative one; and that any other rule would be practically incapable of enforcement, because a negative fact can seldom be alleged except generally and by way of denial, since any other course would require a process of exclusion and elimination that would lead to an almost endless pleading. But in any event, said general rule has been so long established and so often approved that we should feel bound to adhere to it, even if we doubted its soundness, which we do not.

Having in mind that the judgment in this case was rendered upon defendant's

motion for judgment on the pleadings, and that in such a situation the petition must be liberally construed in favor of the plaintiff, and every reasonable inference indulged in favor of the sufficiency of the petition, since a judgment rendered on the pleadings is a judgment on the merits, and when sustained in favor of  the one who makes the motion, results in a final judgment in his behalf, we hold that the trial court erred in sustaining the motion.

The judgment will therefore be reversed and the cause remanded for further proceedings in conformity to law.

Judgment reversed.

WASHBURN, J, concurs in judgment.
DOYLE, J, not participating.