[Cite as *Portfolio Recovery Assocs., L.L.C. v. VanLeeuwen*, 2016-Ohio-2962.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| PORTFOLIO RECOVERY ASSOCIATES, LLC | : | Appellate Case No. 26692 |
| | : | |
| Plaintiff-Appellee | : | Trial Court Case No. 2014-CV-3621 |
| | : | |
| v. | : | (Civil Appeal from |
| | : | Dayton Municipal Court) |
| GARY F. VANLEEUWEN | : | |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of May, 2016.

. . . . . . . . . . .

KELLY L. WILLIAMS, Atty. Reg. No. 0080793, Portfolio Recovery Associates, LLC, 120 Corporate Boulevard, Norfolk, Virginia 23502
        Attorney for Plaintiff-Appellee

GARY F. VANLEEUWEN, 639 Burkhardt Avenue, Dayton, Ohio 45403
        Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, J.

        {¶ 1} Defendant-appellant Gary F. VanLeeuwen appeals from a judgment granted against him and in favor of Plaintiff-Appellee, Portfolio Recovery Associates, LLC.

VanLeeuwen appeals pro se, and does not identify specific assignments of error. But in his brief VanLeeuwen alleges that the judgment is not supported by sufficient evidence. Portfolio Recovery responds that the trial court did not err in granting its motion for judgment on the pleadings. We conclude that Portfolio Recovery's pleadings did not sufficiently establish that it was the assignee of the contract, or the amount due on the contract. Therefore, the judgment is Reversed and this cause is Remanded for further proceedings.

## I.   The Course of Proceedings

{¶ 2}   Portfolio Recovery filed a pleading titled "Complaint for Money," alleging that VanLeeuwen entered into an agreement for a credit card with U.S. Bank, and that Portfolio is now the holder of the account. The complaint alleges that VanLeeuwen is in default of the credit card agreement for failing to make payments under the terms of the agreement. The complaint alleges that VanLeeuwen owes Portfolio the sum of $3,620.43. The complaint further alleges that the account records are not attached to the pleading, because Portfolio is not the original creditor, that copies were sent monthly to VanLeeuwen, and that the account records may be voluminous.   Although there is no allegation in the complaint referencing or incorporating any attachments, two unauthenticated documents are attached to the complaint. The first document, Exhibit B, titled "Bill of Sale and Assignment of Assets," states that U.S. National Bank "hereby absolutely sells, transfers, assigns, sets-over, quitclaims and conveys to Portfolio Recovery all of the Bank's rights, title and interest in each of the assets identified in the Asset Schedule, attached hereto as Exhibit A."   However, the record contains neither an

Exhibit A, nor any other document identifying VanLeeuwen's contract, or any other contract, as part of the asset sale. The second document attached to the complaint, but not referenced in the complaint, appears to be a billing statement from U.S. Bank to VanLeeuwen for the period of October 3, 2012 through December 31, 2012. The statement lists a balance of $3,216.53, and a payment due date of January 25, 2013. The statement further states that the minimum payment due is $0.00. Although the statement does not reflect a payment, or the date of the last payment, the previous balance is $59.97 more than the current balance.

{¶ 3} In response to the complaint, VanLeeuwen sent a letter to the court, which was filed and treated as an answer. In the answer, VanLeeuwen indicated why he was having trouble paying his debts, and stated that he had been trying to enter into a payment plan with Portfolio, and had offered to pay $10 per month. Portfolio then moved for judgment on the pleadings, alleging that VanLeeuwen had admitted all allegations in the complaint and had presented no defenses. In response to the motion, VanLeeuwen asserted that he was prepared to take the case to trial because there was a statute-of-limitations issue, he offered a payment plan, he had not seen the monthly statements, receipts or the original application, and the beginning date of the delinquency was at issue.

{¶ 4} The trial court sustained the motion for judgment on the pleadings, and entered judgment against VanLeeuwen in the sum of $3,620.43, plus costs of this action. The judgment entry does not contain an award of interest.

**II. The Standard of Review**

{¶ 5} "A motion for judgment on the pleadings pursuant to Civ.R. 12(C) presents only questions of law, and the standard of review is de novo." *Inskeep v. Burton*, 2d Dist. Champaign No. 2007 CA 11, 2008-Ohio-1982, ¶ 7, citing *Dearth v. Stanley*, 2d Dist. Montgomery No. 22180, 2008-Ohio-487. *See also Offill v. State Farm Fire & Cas. Co.,* 2d Dist. Montgomery No. 25079, 2012-Ohio-6225, ¶ 14.

{¶ 6} De novo review requires an "independent review of the trial court's decision without any deference to the trial court's determination." *Jackson v. Internatl. Fiber*, 169 Ohio App.3d 395, 2006-Ohio-5799, 863 N.E.2d 189, ¶ 17 (2d Dist.), quoting *State ex rel. AFSCME v. Taft*, 156 Ohio App.3d 37, 2004-Ohio-493, 804 N.E.2d 88, ¶ 27 (3d Dist).

### III.   The Trial Court Erred by Rendering Judgment on the Pleadings without Sufficient Proof of Standing and Damages

{¶ 7} We construe the allegations in VanLeeuwen's pro se brief as assigning as error that the trial court erred in rendering judgment on the pleadings without sufficient proof of all elements of a claim for breach of a credit card contract.  Civ. R. 12(C) provides, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "Determination of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings and any writings attached to the complaint." *Offill v. State Farm Fire & Cas. Co.*, 2d Dist. Montgomery No. 25079, 2012-Ohio-6225, ¶ 14, citing *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165, 297 N.E.2d 113 (1973).  "A motion for judgment on the pleadings is proper when only questions of law are presented; the determination of the motion is restricted solely to the allegations of the pleadings. The trial court may grant a judgment

on the pleadings where no material factual issue exists and one party is entitled to a judgment in his favor as a matter of law." (Internal citations omitted.) *Vaught v. Vaught*, 2 Ohio App.3d 264, 265, 441 N.E.2d 811 (12th Dist.1981).

**{¶ 8}** "A suit regarding a credit card balance is 'founded upon contract and thus a plaintiff must prove the necessary elements of a contract action.' " *Am. Express Centurian Bank v. Banaie*, 7th Dist. Mahoning No. 10 MA 9, 2010-Ohio-6503, ¶ 11, citing *Capital One Bank (USA), N.A. v. Heidebrink*, 6th Dist. Ottawa No. OT-08-049, 2009-Ohio-2931, at ¶ 29, quoting *Gabriele v. Reagan,* 57 Ohio App.3d 84, 85, 566 N.E.2d 684 (12th Dist. 1988). The elements of a breach of contract claim are: 1) the existence of a contract between the parties; 2) performance by the plaintiff; 3) breach by the defendant; and 4) damage or loss to the plaintiff. *Doner v. Snapp*, 98 Ohio App.3d 597, 600, 649 N.E.2d 42 (2d Dist.1994).

**{¶ 9}** In the case before us, Portfolio alleged in its complaint that it is the holder of the account between U.S. Bank and VanLeeuwen, pursuant to an assignment from U.S. Bank to Portfolio. Portfolio attached a document to the complaint that purports to be the assignment, but refers to another document that is not attached. A motion for judgment on the pleadings cannot consider documents that are not attached to a pleading.

**{¶ 10}** We have held that in an action on an account, in order to prevail, the assignee must prove that it is the real party in interest for purposes of bringing the action. *H & S Fin., Inc. v. Davidson*, 2d Dist. Montgomery No. 24291, 2011-Ohio-4290, ¶ 24. An assignee cannot prevail on the claims assigned by another holder without proving the existence of a valid assignment agreement. *Id. See also EMCC Invest. Ventures v. Rowe*, 11th Dist. Portage No. 2011-P-0053, 2012-Ohio-4462, ¶ 27. As explained by the Ninth

District,

> In an action on an account, when an assignee is attempting to collect on an account in filing a complaint, the assignee must "allege and prove the assignment." In other words, in order to prevail, the assignee must prove that they are the real party in interest for purposes of bringing the action. An assignee cannot prevail on the claims assigned by another holder without proving the existence of a valid assignment agreement.

(Citations omitted.) *Matrix Acquisitions, L.L.C. v. Manley*, 9th Dist. Summit No. 27191, 2014-Ohio-2860, ¶ 3, citing *Natl. Check Bur., Inc. v. Ruth*, 9th Dist. Summit No. 24241, 2009-Ohio-4171 ¶ 6, quoting *Worldwide Asset Purchasing, L.L.C. v. Sandoval*, 5th Dist. Stark No. 2007-CA-00159, 2008-Ohio-6343, ¶ 26.

{¶ 11} "It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the * * * court ." *Matrix, supra*, citing *Citibank N.A. v. Rowe*, 9th Dist. Lorain No. 12CA010217, 2013-Ohio-523, ¶ 8, quoting *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 41.  Subsequent to *Schwartzwald*, the Supreme Court of Ohio clarified that the creditor need not prove standing within its complaint in order to state a claim for relief, but that it must be established before the court has jurisdiction to grant judgment on the merits. *Wells Fargo Bank, N.A. v. Horn*, 142 Ohio St. 3d 416, 2015-Ohio-1484, 31 N.E.3d 637, ¶ 17. Numerous cases have held that unless the party seeking relief establishes standing, a court cannot consider the merits of the party's legal claim. *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 2013-Ohio-4505, 2 N.E.3d 304, ¶ 42 (10th Dist.), *affirmed in part and reversed in part on other*

*grounds*, Ohio Sup.Ct. Slip Opinion No. 2016-Ohio-478; *U.S. Bank Natl. Assn. v. Gray,* 10th Dist. Franklin No. 12AP–953, 2013-Ohio-3340, ¶ 17. "Lack of standing is certainly a fundamental flaw that would require a court to dismiss the action, and any judgment on the merits would be subject to reversal on appeal." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 23, citing *Schwartzwald* at ¶ 40.

{¶ 12} "[A} judgment rendered on the pleadings is a judgment on the merits, and when sustained in favor of the one who makes the motion, results in a final judgment in his behalf." *Miller v. Marino*, 55 Ohio App. 82, 84, 8 N.E.2d 584 (9th Dist.1937). *See also Rhoades v. McDowell*, 24 Ohio App. 94, 156 N.E. 526 (9th Dist. 1927), citing *Stange v. Campbell*, 75 Ohio App. 316, 319, 62 N.E.2d 185 (1st Dist.1945). In the case before us, when Portfolio filed a motion for judgment on the pleadings, it was seeking a judgment on the merits. Accordingly, to obtain a judgment on the merits, Portfolio was required to establish, not merely allege, that it had standing to obtain a judgment as the holder of VanLeewen's account.

{¶ 13} In a case similar to the one before us, the Eleventh District Court of Appeals has found that an assignee of an account did not sufficiently establish a chain of title to show an interest in cardholder's account "where the supporting documentation established the sale of credit card accounts from the card issuer to buyer, and an assignment from buyer to assignee, [but] they did not specifically identify cardholder's account as being within the portfolio of accounts that were sold, assigned, and transferred." *Liberty Credit Servs. Assignee v. Yonker*, 11th Dist. Portage No. 2012-P-0096, 2013-Ohio-3976, ¶ 18-19. Similarly, the Franklin County Appellate Court has held that, "[w]ithout evidence demonstrating the circumstances under which it received an

interest in the note and mortgage, [the plaintiff] cannot establish itself as the holder." *Everhome Mtge. Co. v. Rowland*, 10th Dist. Franklin No. 07AP–615, 2008-Ohio-1282, ¶ 15.

{¶ 14} In the case before us, Portfolio argues that it has established its standing as the assignee of VanLeeuwen's account with U.S. Bank by VanLeeuwen's admission of, or failure to deny, the conclusion in the complaint that Portfolio is the holder of the account. However, "[u]nsupported conclusions of a complaint are not considered admitted." *State ex rel. Hickman v. Capots,* 45 Ohio St.3d 324, 544 N.E.2d 639 (1989). "[A]n appellate court will not consider conclusions that are not supported by factual allegations in the pleading because such conclusions cannot be deemed admitted." *Wells Fargo Bank, N.A. v. Hazel*, 10th Dist. Franklin No. 15AP-93, 2016-Ohio-305, ¶ 30, citing *Arms Trucking Co. v. Fannie Mae,* 11th Dist. Geauga No. 2014-G-3186, 2014-Ohio-5077, ¶ 22; *Silverman v. Roetzel & Andress, L.P.A.,* 168 Ohio App.3d 715, 2006-Ohio-4785, 861 N.E.2d 834, ¶ 6 (10th Dist.); *Hickman* at 324. In the case before us, Portfolio's allegation that "it is now the holder of said account, purchasing the same and entitled to all rights as owner thereof" is not supported by the documents attached to the complaint, and is therefore an unsupported conclusion not subject to admission for the purpose of obtaining a judgment on the merits pursuant to a motion for judgment on the pleadings.

{¶ 15} "In the determination of a Civ.R. 12(C) motion, the nonmoving party is entitled to have all of the material allegations in the pleading, with all reasonable inferences to be drawn therefrom, construed in his favor as true." *Am. Tax Funding L.L.C. v. Miamisburg*, 2d Dist. Montgomery No. 24494, 2011-Ohio-4161, ¶ 31. In the review of a motion for judgment on the pleadings to dismiss a complaint, the Supreme Court of

Ohio has declared that, "entry of judgment pursuant to Civ.R. 12(C) is only appropriate 'where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief.' " *Hester v. Dwivedi*, 89 Ohio St.3d 575, 577-78, 733 N.E.2d 1161 (2000), citing *State ex rel. Midwest Pride IV, Inc. v. Pontious,* 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996). This high burden is not lessened when a motion for a judgment on the pleadings is filed to obtain judgment, as the movant must prove, beyond a doubt, the absence of any genuine issue of fact and that it is entitled to judgment as a matter of law. We have held that a summary judgment "is to be awarded only with great caution, with all doubts resolved in favor of the nonmoving party, because it deprives the nonmoving party of his day in court." *Smith v. Five Rivers MetroParks*, 134 Ohio App.3d 754, 764, 732 N.E.2d 422 (2d Dist.1999), citing *Norris v. Ohio Std. Oil Co.* 70 Ohio St.2d 1, 2, 433 N.E.2d 615 (1982). The same degree of caution must be exercised when considering a motion for judgment on the pleadings.

{¶ 16} Based on the discrepancy between the complaint and its attachments, Portfolio has failed to establish that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Portfolio acknowledges that to obtain judgment on the pleadings, the pleadings must establish that there are no issues of fact and that it is entitled to judgment as a matter of law. All of the pleadings must be considered before granting a motion on the pleadings. Considering the allegations in the complaint and the attachments to the complaint, and making reasonable inferences in favor of VanLeeuwen,

reasonable minds could conclude that genuine issues of fact remain regarding the purchase of VanLeeuwen's account to support a conclusion that Portfolio, as a matter of law, was the holder of VanLeeuwen's account and entitled to enforce its terms. This is a material issue that precludes a judgment on the pleadings. Portfolio fails to recognize that its allegation in the complaint regarding its status as the assignee or holder is insufficient and is not supported by the documentation it attached to the complaint, thereby raising a genuine issue of material fact. It is essential to demonstrate that no genuine issue of material fact exists before it is entitled to judgment as a matter of law.

{¶ 17} Portfolio asserts that it has proven the standing requirement of its action through the attachment to the complaint that references the sale of assets from the original creditor, U.S. Bank, to Portfolio. However, Portfolio fails to acknowledge that the documents it attached to the complaint do not establish that VanLeeuwen's account was part of an asset sale from U.S. Bank to Portfolio. The document attached to Portfolio's complaint only refers to "assets identified in the Asset Schedule," with no further documentation to show what specific assets are included in the schedule.

{¶ 18} Portfolio's reliance on *Nat. Check Bureau v. Cody*, 8th Dist. Cuyahoga No. 84208, 2005-Ohio-283, is misplaced. In *Cody*, the court was examining the sufficiency of evidence presented in a motion for summary judgment, not a motion for judgment on the pleadings. *Id.* The court in *Cody* determined that there was no genuine issue of material fact regarding the assignment where an affidavit contained an averment that the debtor's specific account was transferred from the original creditor to the debt buyer, and a bill of sale evidencing the transfer of the accounts was authenticated. *Id.* at ¶¶ 9-10. In the case before us, Portfolio has not submitted any bill of sale or other evidence from U.S. Bank to

Portfolio that specifically identifies VanLeeuwen's account as part of any sale or assignment. In *Midland Funding v. Snedeker*, 5th Dist. Licking No. 13-CA-56, 2014-Ohio-887, it was held that the evidence did not establish that the creditor was entitled to judgment, as a matter of law, when the creditor did not show that the defendant's account had been transferred to the plaintiff. *Id.* at ¶ 21. *See also Harvest Credit Mgmt. VII v. Ryan,* 10th Dist. Franklin No.09-AP-1163, 2010-Ohio-5260; *Retail Recovery Serv. of NJ v. Conley*, 3d Dist. Mercer No. 10-09-15, 2010-Ohio-1256; *Unifund CCR Partners Assignee of Palisades Collection, LLC v. Hemm,* 2d Dist. Miami No. 08-CA-36, 2009-Ohio-3522.

{¶ 19} We also conclude that Portfolio's pleadings fail to establish the amount of its claim, as a matter of law. Viewing the pleadings in a light most favorable to VanLeeuwen, an inference can be made that VanLeeuwen did enter into a credit card agreement with U.S. Bank, but the amount due on the account is not established with any certainty. The amount allegedly owed, as identified in the complaint, does not match the balance-due amount listed in the documents attached to the complaint.

{¶ 20} Portfolio argues that VanLeeuwen has admitted the amount owed on the account, by his failure to deny the allegation in the complaint. Pursuant to Civ. R. 8(D) "[a]verments in a pleading to which a responsive pleading is required, *other than those as to the amount of damage,* are admitted when not denied in the responsive pleading." (Emphasis added). Portfolio asserts that it is not seeking "damages," as that term in used in Civ. R. 8, because its claim is based on the amount due on an account. Portofolio relies on case law defining the term "liquidated damages" to argue that no proof of liquidated damages is necessary to support a claim based on an account when "the amount can be

determined with exactness from the agreement between the parties or by an arithmetical process or by the application of definite rules of law." *L.S. Industries v. Coe*, 9th Dist. Summit No. 22603, 2005-Ohio-6736, ¶ 22. In *Coe,* the court considered whether a hearing on damages was necessary before granting a motion for a default judgment, not a judgment on the pleadings. The court in *Coe* found that because the creditor failed to attach or identify an instrument upon which its claim was based, the amount of damages was not liquidated, and a hearing was required. In the case before us, since the balance due listed in the document attached to the complaint does not match the amount listed in the complaint as due on the account, we conclude that the damages sought by Portfolio are not liquidated damages, because the exact amount due cannot be "determined with exactness from the agreement between the parties or by an arithmetical process or by the application of definite rules of law." To grant a judgment on the pleadings for an amount due on an account, the exact amount due must be mathematically verified by the documents attached to the complaint, or the exact amount due must be specifically admitted by the debtor, before it can be concluded that there is no material issue of fact regarding the exact amount due.

{¶ 21} We also note that the documents attached to the complaint by Portfolio do not establish the date of the default, or the contractual rate of interest. The date of the default is a material issue of fact to determine the essential factual issue regarding the award of interest, and to establish that as a matter of law the action is not barred by the statute of limitations.[1] Regarding the amount of interest due on an account, we have

---

[1] We note that the legal issue of whether a creditor may pursue a claim to collect time-barred debt is currently pending before the Ohio Supreme Court in *Jarvis v. First*

recognized that a court has no discretion but to award prejudgment interest under R.C. 1343.03(A), which allows for the recovery of interest, at the contract rate, from the date the money becomes due and payable. *Miami Valley Hospital v. Edwards*, 2d Dist. Darke No. 07-CA-1717, 2008-Ohio-2721, ¶ 12. We held that since "the right to prejudgment interest is a matter of law, the amount awarded is based on the court's factual determination of an accrual date and interest rate." *Id.* at ¶ 16. When the trial court in *Edwards* failed to award prejudgment interest, we reversed and remanded for the trial court to make factual findings concerning when the account became due and payable, and the legal rate of interest that should be applied. *Id.* at ¶ 17. Accordingly, to prevail on its motion for judgment on the pleadings, Portfolio should have established that there was no genuine issue of fact regarding the date the account became due and payable, and the legal rate of interest that should be applied.

{¶ 22} A similar result was reached by the Sixth District Court of Appeals in an action also filed to collect on a defaulted credit card account. *Capital One Bank (USA), N.A. v. Heidebrink*, 6th Dist. Ottawa No. OT-08-049, 2009-Ohio-2931. The court in the *Capital One* case explained:

> Capital One has not submitted any evidence of the interest rate to which Heidebrink assented. Because Capital One did not submit proof that its claimed interest rate of 20.40 percent was a term of an agreed-upon contract, the trial court did not abuse its discretion in imposing the statutory rate pursuant to R.C. 1343.03(A). The same rationale and result applies to

---

*Resolution Investment Corp*, 2012-Ohio-5653, 983 N.E.2d 380 (9th Dist.), *appeal accepted for review*, 135 Ohio St. 3d 1412, 2013-Ohio-1622, 986 N.E.2d 29.

Capital One's claimed over limit fees and late fees. Capital One has not shown specific fees which were terms of a contract between it and Heidebrink. The trial court did not abuse its discretion in subtracting these fees from the amount claimed.

*Farmers & Merchants State & Sav. Bank v. Raymond G. Barr Enterprises* (1982), 6 Ohio App.3d 43, 452 N.E.2d 521, is distinguishable. There, the court awarded default judgment for the amount prayed for in the complaint, a balance due and owing on an account, where a promissory note was the basis of the action on the account. Capital One cites *Farmers* in support of its contention that the amount due on the account as claimed in the complaint is not "damages" pursuant to Civ.R. 8(D), and so is deemed admitted when the defendant fails to answer. This is due to the difference between credit card accounts and promissory notes. Where a promissory note is the claimed basis for the action on an account, and the note is attached to the complaint, the underlying contract has also been proved and submitted pursuant to Civ.R. 10(D). A promissory note is "an instrument that evidences a promise to pay a monetary obligation * * *." R.C. 1309.102(A)(65). It is a "negotiable instrument or any other writing that evidences a right to the payment of a monetary obligation * * *." R.C. 1309.102(A)(47)(a). A promissory note is a separate, enforceable contract. *Metropolitan Life Ins. v. Triskett Illinois, Inc.* (1994), 97 Ohio App.3d 228, 234, 646 N.E.2d 528. The class of instruments, including promissory notes, specifically excludes "writings that evidence a right to payment arising out

of the use of a credit or charge card or information contained on or for use with the card." R.C. 1309.102(A)(47)(b). In contrast, monthly statements of credit card accounts do not demonstrate the underlying contract or agreed-upon terms. Thus, the amount prayed for in a complaint in an action on an account must be proved and is not covered by the rule of *Farmers*, as Capital One claims.

*Capital One Bank (USA), N.A. v. Heidebrink*, 6th Dist. Ottawa No. OT-08-049, 2009-Ohio-2931, ¶¶ 43-44.

**{¶ 23}** We conclude that Portfolio has not established that it is entitled to judgment on the pleadings. The judgment of the trial court must be Reversed.

### III. Conclusion

**{¶ 24}** Error having been found in the trial court's judgment on the pleadings, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings, consistent with this opinion.

. . . . . . . . . . . . .

DONOVAN, P.J., concurs.

WELBAUM, J., dissenting:

**{¶ 25}** I very respectfully dissent, in part. I do not agree that the trial court erred in granting judgment on the pleadings on the liability issue. I would conclude that Portfolio Recovery Associates, LLC ("Portfolio") established standing in the trial court and entitlement to recovery, based on the admissions of the Defendant-Appellant, Gary

VanLeeuwen.

{¶ 26} At ¶ 11-18 of the opinion, the majority concludes that the trial court incorrectly granted judgment on the pleadings to Portfolio because the documents attached to the complaint do not establish that VanLeeuwen's account was part of an asset sale from U.S. Bank to Portfolio. However, in view of VanLeeuwen's admission to the allegations in the complaint, this point is of no consequence. Portfolio alleged facts indicating it had standing and was entitled to recover on the account, and VanLeeuwen admitted these facts.

{¶ 27} Civ.R. 12(C) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Motions for judgment on the pleadings present "only questions of law and the determination of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings." *Compton v. 7-Up Bottling Co.*, 119 Ohio App.3d 490, 492, 695 N.E.2d 818 (10th Dist.1997), citing *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165-166, 297 N.E.2d 113 (1973).

{¶ 28} "The trial court must consider both the complaint and the answer when ruling on a Civ.R. 12(C) motion." *Trinity Health Sys. v. MDX Corp.*, 180 Ohio App.3d 815, 2009-Ohio-417, 907 N.E.2d 746, ¶ 17 (7th Dist.), citing *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569, 664 N.E.2d 931 (1996).

{¶ 29} Case law involving a plaintiff's motion for judgment on the pleadings is sparse, "but presumably it would involve the same type of considerations used in resolving a defendant's motion for judgment on the pleadings: judgment in favor of the plaintiff would be appropriate if the trial court (1) construes the material allegations in the

complaint and the answer in favor of the nonmoving party and (2) finds beyond doubt that the defendant could prove no set of facts to support any defense to the claims in the complaint. Essentially, a party would seek to use this procedure only when the opposing party had admitted to all the salient facts of the complaint, thereby admitting liability, and has no arguable defense." *Trinity Health Sys.* at ¶ 18.

{¶ 30} When we review decisions to grant motions for judgment on the pleadings, our review is de novo, and the allegations in the pleadings are construed in favor of the non-moving party. (Citations omitted.) *McClelland v. Greene Cty. Vocational School Dist. Bd. of Edn.*, 2d Dist. Greene No. 2004-CA-58, 2005-Ohio-1909, ¶ 8. "Pleadings are defined by rule as a complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint, and a third-party answer." *State ex rel. Vandenbos v. Xenia*, 2d Dist. Greene No. 14-CA-14, 2015-Ohio-35, ¶ 12, citing Civ.R. 7(A).

{¶ 31} VanLeeuwen's answer does not dispute the allegations in the complaint; instead, VanLeeuwen indicated in the answer that he was having trouble paying his debts and had been attempting to enter into a payment plan with Portfolio. These statements do not dispute that Portfolio has standing or that the allegations in the complaint are untrue. To the contrary, they acknowledge that a debt is owed, and simply indicate that VanLeeuwen was having difficulty paying his bill.

{¶ 32} In a recent case involving a foreclosure, the trial court granted summary judgment on the foreclosure complaint, and also granted judgment on the pleadings. The latter ruling involved the bank's request for a declaration that a warranty deed was valid due to a mutual mistake, which had omitted a grantor's wife from the deed's notary acknowledgement clause. *Bank of Am., N.A. v. Michko*, 8th Dist. Cuyahoga No. 101513,

2015-Ohio-3137, ¶ 4-10.   The motion for judgment on the pleadings was based on an admission in the answer of the mortgagor (Katherine Michko), that the bank was entitled to a declaration that the warranty deed was valid despite the omission of the grantor's name on the notary acknowledgement clause.   *Id.* at ¶ 9.

{¶ 33} On appeal, Michko argued that the trial court had erred in granting judgment on the pleadings because the bank failed to point to any evidence in the record establishing that the omission of the name was a result of mutual mistake.   *Id.* at ¶ 36. The court of appeals rejected this argument, noting that Michko had admitted in her answer that the warranty deed was valid.   As a result, "Bank of America was not required to offer any evidence of mutual mistake in order to establish its entitlement to a declaration that the warranty deed was valid."   *Id.* at ¶ 39.   *See also Vandenbos*, 2d Dist. Greene No. 14-CA-14, 2015-Ohio-35, at ¶ 18 (holding that the respondents had admitted an allegation as to a promotion date in their answer, and that fact would be established in the pleadings for purposes of a motion for judgment on the pleadings.)

{¶ 34} The same reasoning applies here.   VanLeeuwen's answer admitted that he owed the debt and did not deny any allegations in the complaint, including those pertaining to standing and the right to recovery.   As a result, the majority's comments in ¶ 11, 12, and 14, about Portfolio's need to establish standing and the lack of standing are not correct.   Standing was established.

{¶ 35} By the majority's own statement, "Portfolio alleged in its complaint that it is the holder of the account between U.S. Bank and VanLeeuwen, pursuant to an assignment from U.S. Bank to Portfolio."   Majority Opinion, ¶ 9.   This is not a conclusion nor is it a conclusory statement; it is an alleged fact that was admitted by VanLeeuwen's

failure to deny it. As a result, the majority's comments in ¶ 12 about the need to prove standing prior to a judgment on the merits are misplaced.

**{¶ 36}** Civ.R. 8(D) specifically states that "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." Because VanLeeuwen did not deny the averments in the complaint – which required a responsive pleading, i.e., an answer – the averments in the complaint are admitted. S*ee, e.g., Am. Savs. Bank v. Wrage*, 4th Dist. Scioto No. 13CA3566, 2014-Ohio-2168, ¶ 19 (noting that the defendant's failure to deny averments regarding a promissory note resulted in admission of the averments, and that "[t]he effect of an admission of an averment is that a plaintiff does not then need to prove the allegation.") Consequently, the majority is incorrect in concluding that there are factual issues concerning Portfolio's standing and its entitlement to recovery. Notably, the majority never responds to the effect of Civ.R. 8(D), nor does it distinguish any cases I have cited.

**{¶ 37}** The majority also incorrectly relies on a case that it says is similar to the case before us. *See* Majority Opinion at ¶ 13, citing *Liberty Credit Servs. Assignee v. Yonker*, 11th Dist. Portage No. 2012-P-0096, 2013-Ohio-3976. As the majority does correctly note, the court of appeals held in *Yonker* that the plaintiff had not established a chain of title, due to the lack of evidence that the defendant's specific account had been transferred. *Id.* at ¶ 19. Nonetheless, *Yonker* is not similar and does not support denying a liability judgment in this case. *Yonker* did not involve a motion for judgment on the pleadings, nor did it involve a situation in which the defendant had admitted the allegations in the complaint. To the contrary, the defendant in *Yonker* filed an answer

denying all the allegations in the complaint.   *Id.* at ¶ 3.

{¶ 38} In ¶ 14, the Majority Opinion cites a number of cases for the proposition that "[u]nsupported conclusions of a complaint are not considered admitted."   However, the cases cited are both legally and factually distinct from the situation in the case before us.   For ease of discussion, I will consider each case separately.   Furthermore, as I have already observed, the matter to which the majority objects is a fact, not a conclusion.

A.   *State ex. rel. Hickman v. Capots*

{¶ 39} The first case, *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 544 N.E.2d 639 (1989), involved a complaint for a writ of mandamus, in which the relator alleged that the Ohio Adult Parole Authority had "unlawfully revoked his parole based on criminal charges of public indecency and assault that were dismissed by the Franklin County Municipal Court."   *Id.* at 324.   The relator further contended that "[d]ismissal of the state charges removed all factual support from revocation, and the respondent violated due process of law, in finding relator guilty of parole violation, based upon the charges that were dismissed in court.' "   *Id.*

{¶ 40} The court of appeals had dismissed the mandamus complaint for failure to state a claim, concluding that the relator "pleaded no facts to show how or why dismissal of the charges removed all factual support for the parole revocation, and the case law he cited did not support his allegation."   *Id.*

{¶ 41} On appeal, the Supreme Court of Ohio made the statement that is quoted by the majority, i.e., that "[u]nsupported conclusions of a complaint are not considered admitted."   Majority Opinion, ¶ 14.   However, the Supreme Court of Ohio also included

a comment that the majority omits. Specifically, the Ohio Supreme Court's full statement was that:

> Unsupported conclusions of a complaint are not considered admitted, * * * and are not sufficient to withstand a motion to dismiss.

(Citation omitted.) *Hickman*, 45 Ohio St.3d at 324, 544 N.E.2d 639.

**{¶ 42}** *Hickman* did not involve a defendant's admission of facts under Civ.R. 8(D), as discussed above. In fact, *Hickman* involves a contrary situation – a motion to dismiss – in which a defendant alleges that even though the statements in the complaint are true, the complaint fails to state a claim because there is no legal basis for recovery. In addition, in a mandamus action, the relator must prove that "there exists a clear legal duty to act on the part of a public officer or agency, and that the relator has no plain and adequate remedy in the ordinary course of the law." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). This, the relator clearly failed to do. Accordingly, *Hickman* has nothing to do with the application of Civ.R. 8(D) and the effect it has on the matters raised in a complaint. To the extent *Hickman* refers to "unsupported conclusions," it is also inapplicable because the allegation in question in our case is not a conclusion; it is a factual assertion.

### B. *Wells Fargo Bank, N.A. v. Hazel*

**{¶ 43}** The second case cited by the majority in ¶ 14 is *Wells Fargo Bank, N.A. v. Hazel*, 10th Dist. Franklin No. 15AP-93, 2016-Ohio-305. There were two decisions in *Hazel*, one in 2012, and one in 2016.

### 1. 2012 Decision in *Hazel* (*Hazel I*)

**{¶ 44}** *Hazel* was a foreclosure action, in which the plaintiff (a bank) alleged in the complaint that it had complied with " 'all conditions precedent.' " *Wells Fargo Bank, N.A. v. Hazel*, 10th Dist. Franklin No. 11AP-1061, 2012-Ohio-5770, ¶ 2 (*Hazel I*). The defendant then filed an answer, *denying the allegations in the complaint.* (Emphasis added.) *Id.* Thus, at the outset, the decisions in *Hazel* are not on point with our case because they do not involve the application of Civ.R. 8(D) and its effect in deeming the matters raised in the complaint admitted.

**{¶ 45}** In *Hazel I*, the Tenth District Court of Appeals noted that the bank had filed a motion for summary judgment, and the defendant failed to respond, although she did request an extension of time to respond to summary judgment. *Id.* at ¶ 3-4. However, the trial court failed to rule on the extension motion and instead granted summary judgment to the bank. *Id.* at ¶ 5. The defendant then filed a notice of appeal, a motion to vacate the judgment, and several other documents, including a motion for reconsideration. *Id.* Among other things, the defendant argued in the motion to vacate that the bank failed to provide evidence verifying any signed certified mail receipt of default and accelerations notice as required by federal regulations. *Id.* The defendant also asserted that she had never received such a notice. *Id.*

**{¶ 46}** After holding a hearing, a magistrate concluded that the defendant had established excusable neglect for failing to respond to the motion for summary judgment, and had presented " 'a plausible meritorious defense' " claiming that the defendant failed to comply with federal regulations. *Id.* at ¶ 6. The magistrate, therefore, entered a

decision granting the motion to set aside the judgment.    *Id.*

{¶ 47} Subsequently, the bank filed objections to the magistrate's decision, claiming that the defendant had waived this defense because she had not asserted it with particularity and specificity in her answer.    *Id.* at ¶ 6.   The trial court adopted the magistrate's decision, finding first that it was required to accept the magistrate's factual findings and could only review the magistrate's legal conclusions.   This was based on the fact that the bank failed to file a transcript of the hearing.   *Id.* at ¶ 7.   The trial court "further concluded that, without a transcript, it could not determine that the magistrate erred with her legal conclusions 'because those conclusions are directly based on the findings of facts [the magistrate] took into consideration during the hearing.' "   *Id.*

{¶ 48} On appeal, the Tenth District Court of Appeals stated that where no transcript of a magistrate's hearing is filed with the trial court, appellate review is limited to whether the trial court abused its discretion.   *Hazel*, 10th Dist. Franklin No. 11AP-1061, 2012-Ohio-5770, at ¶ 9.   However, the Tenth District also stressed that the trial court had erred even under a de novo review.   *Id.*

{¶ 49} In this regard, the Tenth District noted the bank's contention that the magistrate had incorrectly applied the law because " ' "HUD regulations, incorporated within the terms of the default and/or acceleration provisions, * * * are conditions precedent" ' and ' "subject to the requirements of Civ. R. 9(C)," ' requiring that a denial of performance or occurrence shall be made specifically and with particularity."   *Id.* at ¶ 11, quoting from the bank's memorandum in support of its objections.

{¶ 50} The Tenth District concluded that the trial court erred in deferring to the magistrate's findings of fact and legal conclusions, because the magistrate did not make

any findings of fact concerning whether the defendant failed to comply with Civ.R. 9(C). *Id.* at ¶ 12. The Tenth District also noted that the trial court did not need a transcript to decide the issue because compliance with Civ.R. 9(C) was "readily discernible" from the defendant's answer. *Id.* The court of appeals then made the following statement about Civ.R. 9(C):

> " 'Where a cause of action is contingent upon the satisfaction of some condition precedent, Civ.R. 9(C) requires the plaintiff to plead that the condition has been satisfied, and *permits the plaintiff to aver generally that any conditions precedent to recovery have been satisfied, rather than requiring plaintiff to detail specifically how each condition precedent has been satisfied. In contrast to the liberal pleading standard for a party alleging the satisfaction of conditions precedent, a party denying the performance or occurrence of a condition precedent must do so specifically and with particularity. Civ.R. 9(C). A general denial of performance of conditions precedent is not sufficient to place performance of a condition precedent in issue. The effect of the failure to deny conditions precedent in the manner provided by Civ.R. 9(C) is that they are deemed admitted.*' "

(Emphasis added.) *Hazel I*, 10th Dist. Franklin No. 11AP-1061, 2012-Ohio-5770, at ¶ 13, quoting *Natl. City Mtge. Co. v. Richards*, 182 Ohio App.3d 534, 2009-Ohio-2556, 913 N.E.2d 1007, ¶ 21 (10th Dist.), which in turn quotes *Lewis v. Wal-mart, Inc.*, 10th Dist. Franklin No. 93AP-121, 1993 WL 310411, *3 (Aug. 12, 1993).

{¶ 51} Because the trial court should have considered whether the defendant complied with Civ.R. 9(C), the court of appeals reversed the decision and remanded the

case to the trial court. *Id*. at ¶ 14-15.

## 2. 2016 Decision in *Hazel* (*Hazel II*)

**{¶ 52}** On remand, the trial court sustained the bank's objections to the magistrate's decision and denied the defendant's motion for relief from judgment. The subsequent appeal of the defendant from that decision is the case relied on by the majority. *See* Majority Opinion, at ¶ 14, citing *Wells Fargo Bank, N.A. v. Hazel*, 10th Dist. Franklin No. 15AP-93, 2016-Ohio-305 (*Hazel II*). However, the subsequent appeal *affirmed* the trial court's decision. *Id*. at ¶ 8. As a result, even if the same type of situation were involved in our case (which it is not), *Hazel II* does not support the majority opinion. Specifically, an averment in the complaint that was actually conclusory was sufficient and was deemed admitted by the defendant's failure not only to deny it, but to deny it specifically and with particularity.

**{¶ 53}** The part of *Hazel II* that the majority cites is actually from the dissenting opinion in *Hazel II*, not the actual decision of the court. Majority Opinion at ¶ 14, citing *Hazel II* at ¶ 30 (Brunner, J., dissenting).

**{¶ 54}** I do note that both the dissent and majority opinion in *Hazel II*, which consisted of an entirely different panel of judges than the panel in *Hazel I*, expressed a desire to overrule *Hazel I*. However, this panel would not have been able to do so, since "an appellate court is generally bound by its own prior rulings * * *." *Abroms v. Synergy Bldg. Sys.*, 2d Dist. Montgomery No. 23944, 2011-Ohio-2180, ¶ 30.

**{¶ 55}** Notably, Judge Brunner's dissent observes that her position on Civ.R. 9(C) disagrees with that taken by other districts. *Hazel II*, 10th Dist. Franklin No. 15AP-93,

2016-Ohio-305, at ¶ 37 (Brunner, J., dissenting).   Among the cases Judge Brunner cites is our decision in *Wells Fargo Bank, N.A. v. Goebel*, 2d Dist. Montgomery No. 25745, 2014-Ohio-472, ¶ 17-27.   *Hazel II* at ¶ 37.   In *Goebel*, we noted our prior holding that a borrower had waived a bank's non-compliance with a condition precedent by failing to plead it with specificity as required by Civ.R. 9(C).   *Goebel* at ¶ 17, citing *U.S. Bank Natl. Assn. v. Stanze*, 2d Dist. Montgomery No. 25554, 2013-Ohio-2474, ¶ 12.[2]

{¶ 56} However, even if Judge Brunner's position were the law in the Tenth District Court of Appeals (or our own district), and, therefore, appropriately cited by the majority, it would not apply to the case before us for several reasons.   First, as I previously stressed, our case is based on Civ.R. 8(D), not Civ.R. 9(C).   Unlike VanLeeuwen, the defendant in *Hazel* did deny the allegations in the complaint, and the allegations would, therefore, not have been deemed admitted under Civ.R. 8(D).   In addition, *Hazel* involved satisfaction of a condition precedent mandated by federal regulation, i.e., of giving specific notice to the defendant by certified mail.   This is unlike the case before us.   Therefore, the position of the dissent in *Hazel II* would be irrelevant, even if it were the law.

{¶ 57} As a further matter, our case is the type of situation to which Civ.R. 9(C) would apply, based on Judge Brunner's own theory.   Specifically, Judge Brunner's

---

[2] We ultimately decided in *Goebel* that the defendant had sufficiently pled the bank's non-compliance for purposes of Civ.R. 9(C), but that failure to comply with the requirement of a face-to-face meeting with a foreclosure debtor under 24 C.F.R. 203.604 is an affirmative defense rather than a condition precedent.   *Goebel*, 2d Dist. Montgomery No.25745, 2014-Ohio-472, ¶ 17-27.   As a result, we held that, on summary judgment, the bank did not have the burden to establish compliance with the regulation; instead, the defendant had the burden of establishing genuine issues of material fact concerning the affirmative defense.   *Id.*

dissent first argues that Civ.R. 9(C) should be limited to contracts, not situations like the mortgage foreclosure action that was before her court.   In this regard, Judge Brunner relies on the fact that Civ.R. 9(C) is similar to its predecessor, R.C. 2309.37, which originally pertained to " 'pleading the performance of conditions in a contract * * *.' " *Hazel II*, 10th Dist. Franklin No. 15AP-93, 2016-Ohio-305, at ¶ 26, quoting former R.C. 2309.37 (Brunner, J., dissenting).

{¶ 58} Civ.R. 9(C) was adopted in 1971 and has remained the same since its adoption.   This rule provides that:

In pleading the performance or occurrence of conditions precedent,
it is sufficient to aver generally that all conditions precedent have been
performed or have occurred. A denial of performance or occurrence shall
be made specifically and with particularity.

{¶ 59} Judge Brunner argues that although Civ.R. 9(C) eliminated any mention of "contracts," there was no indication of an intent to change the general import of R.C. 2309.37 and its predecessors.   She therefore, asserts that Civ.R. 9(C) "was principally intended for use in the context of contract action."   *Hazel II* at ¶ 28.

{¶ 60} Since a credit card agreement is a contract, there would be no reason not to apply Civ.R. 9(C).   For that matter, Judge Brunner's analysis is flawed in this respect, because promissory notes and mortgages are also contracts.

{¶ 61} Nonetheless, Judge Brunner went on to discuss notice pleading and the fact that appellate courts will not consider conclusions that are not supported by factual allegations.   *Hazel II*, 10th Dist. Franklin No. 15AP-93, 2016-Ohio-305, at ¶ 30 (Brunner, J., dissenting).   This is the paragraph of the *Hazel II* opinion that the Majority Opinion

relies on.   In ¶ 30, Judge Brunner discusses the fact that "the purpose of pleading is to put the other party on notice of the substance of the claims and give them an opportunity to respond."   *Id.*   She goes on to say that "If the allegations are not factual, but merely hollow legal conclusions, the other party is not on notice, and a party cannot be deemed to have admitted an allegation that failed to put the party on notice as to what it was admitting."   *Id.*

**{¶ 62}** In this regard, Judge Brunner also commented that:

Civ.R. 9(C) and its predecessor statutes have historically provided a shortcut for persons filing suit in contract that was nonetheless consistent with the principles of notice pleading.   That is, *they allowed general pleading of contract conditions, because all parties to a contract already know (and thus already have "notice of") the conditions of the contract, and so, more specificity in a complaint is not required. * * * In that scenario the party challenging the contract was deemed to be in the best position to specifically state which conditions he or she believed were unsatisfied. * ** In other words, all parties to a typical contract already have notice about what the conditions precedent are (and thus a general allegation is sufficient) and only the party claiming a failure of conditions knows which conditions have allegedly gone unsatisfied (thus justifying a specific denial). While this pleading model is cogent in the typical contract scenario, in actions for foreclosure on a mortgage that has been secured by a note, it is neither sensible nor equitable.

(Citations omitted.) (Emphasis added.)   *Hazel II*, 10th Dist. Franklin No. 15AP-93, 2016-

Ohio-305, at ¶ 31 (Brunner, J., dissenting).

{¶ 63} In arguing that less specificity should be required to challenge satisfaction of conditions precedent for promissory notes in foreclosure actions, Judge Brunner relied on the fact that "[t]he relevant HUD requirements relate first and foremost to the note, as part of the contract, but they are not specifically stated in either the note or the mortgage." *Id.* at ¶ 32. As a result, defendants, who are often pro se, are "frequently not placed on notice of the conditions precedent by a general and conclusory allegation such as occurred in the complaint here, and * * * [are] therefore not adequately situated to specifically and particularly deny such conditions." *Id.*

{¶ 64} Again, this is not the situation in the case before us. Even if I agreed with Judge Brunner's position, it is simply not relevant. This is not a case involving a promissory note that is governed by federal statutes requiring notice. It is a simple case involving a credit card agreement, and there are no conditions precedent attached to the filing of a suit. Furthermore, unlike defendants in Civ.R. 9(C), who are required to deny allegations in complaints with specificity, VanLeeuwen was not required to deny the allegations with specificity; he was merely required to deny them or have the allegations deemed admitted.

{¶ 65} Again, I must stress that the majority has simply not addressed the effect of Civ.R. 8(D) or the cases I cited. Under Civ.R. 8(D), "if a party fails to deny the specific allegations of a complaint against it, those allegations are considered admitted by the party. The effect of an admission of an allegation is that the plaintiff does not have to prove that allegation. 'According to the law of pleading, an admission in a pleading dispenses with proof and is equivalent to proof of the fact.' " *Burdge v. On*

*Guard Sec. Servs. Inc.*, 1st Dist. Hamilton No. C-050522, 2006-Ohio-2092, ¶ 6, quoting *J. Miller Express, Inc. v. Pentz*, 107 Ohio App.3d 44, 48, 667 N.E.2d 1018 (9th Dist.1995). *Accord Wrage*, 4th Dist. Scioto No. 13CA3566, 2014-Ohio-2168, at ¶ 19; *Columbia Gas of Ohio, Inc. v. Bacin*, 5th Dist. Richland No. 2009 CA 0095, 2010-Ohio-2443, ¶ 19.

**{¶ 66}** By the majority's own statement, "Portfolio alleged in its complaint that it is the holder of the account between U.S. Bank and VanLeeuwen, pursuant to an assignment from U.S. Bank to Portfolio." Majority Opinion, ¶ 9. This is not a conclusion nor is it a conclusory statement; it is an *alleged fact* that was admitted by VanLeeuwen's failure to deny it.

**{¶ 67}** In any event, at the end of her discussion in ¶ 32, Judge Brunner observed that "[w]ithout notice, [the defendant's] failure to deny with specificity and particularity should not, consistent with notice pleading and Civ.R. 8, be deemed to result in an admission." *Hazel II*, 10th Dist. Franklin No. 15AP-93, 2016-Ohio-305, at ¶ 32 (Brunner, J., dissenting). Unlike the majority opinion in the case before us, Judge Brunner at least acknowledges that application of Civ.R. 8 does result in admissions. In addition, Judge Brunner agreed with other authority from the Tenth District Court of Appeals, where the notice provisions were contained in the note and mortgage. Judge Brunner agreed that in these situations, the application of Civ.R. 9(C), requiring specificity and particularity in the denial, is "wholly consistent with the intent and purposes of notice pleading and Civ.R. 9(C)." *Id.* at ¶ 33.

**{¶ 68}** An appeal to the Supreme Court of Ohio from the 2016 decision in *Hazel II* was dismissed in March 2016. *Wells Fargo Bank, N.A. v. Hazel*, 145 Ohio St.3d 1412,

2016-Ohio-915, 46 N.E.3d 705. There is also no indication that the Tenth District Court of Appeals has adopted the position expressed in Judge Brunner's dissent, which is inconsistent with prior authority in that district from at least 1993. Thus, even if the dissent's position in *Hazel II* were relevant, it is not the law in the Tenth District. More importantly, it is not the law in our district.

### C. *Silverman v. Roetzel & Andress*

{¶ 69} The third case the majority relies on in ¶ 14 is *Silverman v. Roetzel & Andress, L.P.A.*, 168 Ohio App.3d 715, 2006-Ohio-4785, 861 N.E.2d 834 (10th Dist.). This case, again, has nothing to do with Civ.R. 8(D) and the fact that allegations in complaints are deemed admitted if not denied in an answer. Instead, Silverman involved an appeal of a decision granting a motion to dismiss a plaintiff's complaint. *Id.* at ¶ 1. In that case, the plaintiff alleged that a law firm was a "debt collector" and that cover letters sent to him during prior litigation involving a credit card company were "communications" by a debt collector, such that the lawyers were required to disclose their status as debt collectors in each letter. *Id.* at ¶ 3.

{¶ 70} The court of appeals rejected this argument. The court assumed for purposes of argument that the law firm was a debt collector, but held that "cover letters, sent pursuant to a universal practice employed by all professionals, including attorneys," were not "communications" for purposes of the Fair Debt Practices Collection Act. *Id.* at ¶ 13. I fail to see the relevance of this holding to the case before us. In addition, the court appears to have been applying a legal definition of communication while accepting the truth of the facts asserted in the complaint.

{¶ 71} As a result, the authority cited in ¶ 14 fails to support the conclusions of the majority, as the cases are irrelevant to the situation before us. Moreover, as was noted, the allegation Portfolio made in the complaint was a *factual* allegation that indicated its standing, and was *not* a conclusion.

{¶ 72} Furthermore, VanLeeuwen's assertions when he responded to the motion for judgment on the pleadings -- like his claim of an alleged statute of limitations issue, or his assertion that the beginning date of the delinquency was at issue -- are irrelevant. As we have previously stressed, "pleadings" are specifically defined by rule. *Vandenbos*, 2d Dist. Greene No. 14-CA-14, 2015-Ohio-35, at ¶ 12. Pleadings do not include comments by litigants in motions or in responses to motions.

{¶ 73} Accordingly, the majority's discussion in ¶ 21, which indicates a requirement that Portfolio establish as a matter of law that the action was not barred by the statute of limitations, is an incorrect statement of law. The statute of limitations is an affirmative defense, and it was never properly raised. *See, e.g., State ex rel. Auto-Owners Ins. Co. v. Wortham*, 176 Ohio App.3d 611, 2008-Ohio-2873, 893 N.E.2d 209, ¶ 16 (2d Dist.) (noting that " 'expiration of the statute of limitations is an affirmative defense that may deprive a litigant of his or her right to recover, but it is not a jurisdictional defect.' "). The law is well-settled that a party asserting an affirmative defense bears the burden of proving the defense. *Moffitt v. Litteral*, 2d Dist. Montgomery No. 19154, 2002-Ohio-4973, ¶ 21. In fact, the Supreme Court of Ohio has even said that "[a] plaintiff or counterclaimant moving for summary judgment does not bear the initial burden of addressing the nonmoving party's affirmative defenses." *Todd Dev. Co. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, syllabus.

{¶ 74} Since the statute of limitations defense was *never raised*, Portfolio was not required to prove anything regarding the statute of limitations, nor did the fact that the action was "not barred" have to be established as a matter of law; instead, *VanLeeuwen was required to raise it as an affirmative defense and he failed to do so.*

{¶ 75} As I have stressed, a motion for judgment on the pleadings is determined by reference to pleadings, not statements in parties' motions or responses to motions. *Vandenbos*, 2d Dist. Greene No. 14-CA-14, 2015-Ohio-35, at ¶ 12; Civ.R. 8(D); *Wrage,* 4th Dist. Scioto No. 13CA3566, 2014-Ohio-2168, at ¶ 19.

{¶ 76} Furthermore, I disagree with the majority's characterization of the legal issue before the Ohio Supreme Court in the *Jarvis* case, which the majority cites.   *See* Majority Opinion, ¶ 21, fn. 1, citing *Jarvis v. First Resolution Investment Corp.*, 2012-Ohio-5653, 983 N.E.2d 380 (9th Dist.).

{¶ 77} Contrary to the majority's statement, the issue before the Ohio Supreme Court in *Jarvis* is not whether "a creditor may pursue a claim to collect time-barred debt." The implication in this statement is that the Ohio Supreme Court may decide that creditors can pursue time-barred debt.   Pursuit of any cause of action that is barred by a statute of limitations has long been prohibited in Ohio, in the absence of the application of an appropriate tolling provision.   *See, e.g., Wentz v. Richardson*, 165 Ohio St. 558, 138 N.E.2d 675 (1956), paragraph one of the syllabus.   The Supreme Court of Ohio would not likely hold that a creditor (or any other litigant) could pursue a claim that is barred. Conversely, there would be no need for the court to hold that creditors could not collect time-barred debt, as the law already bars litigants from pursing actions after the limitations period has expired.

**{¶ 78}** In *Jarvis v. First Resolution Investment Corp.*, 2012-Ohio-5653, 983 N.E.2d 380 (9th Dist.), the trial court granted summary judgment to the defendants on claims based on alleged violations of the Fair Debt Collection Act, the Ohio Consumer Sales Practices Act, and common law abuse of process. *Id.* at ¶ 3 and 5. In its decision, the trial court found that "R.C. 2305.03(B), Ohio's borrowing statute, was not applicable in this case, so the applicable statute of limitations was either the 15-year or 6-year period under Ohio law." *Id.* at ¶ 15. The trial court concluded that the cause of action accrued in Ohio, precluding application of the borrowing statute, and that the cause also accrued prior to the effective date of the borrowing statute. *Id.*

**{¶ 79}** Under the borrowing statute, causes of action accruing in other states may not be brought in Ohio if the statute of limitations in the applicable state has expired. R.C. 2305.03(B). The Ninth District Court of Appeals noted that whether R.C. 2305.03(B) applied was critical because of the differences between possible statutes of limitation (six or 15 in Ohio, versus three years in Delaware). *Id.* at ¶ 17. In deciding this issue, the Ninth District applied the test that the Ohio Supreme Court had long embraced – the " 'most significant relationship test.' " (Citations omitted). *Id.* at ¶ 23-25. In view of the evidence presented by each party, the Ninth District held that Delaware had the most significant relationship and that the cause of action accrued in Delaware. *Id.* at ¶ 29.

**{¶ 80}** However, with respect to the date when the claim accrued, the court observed that "[t]he issue of when a claim accrues regarding credit card debt is unsettled * * *." *Id.* at ¶ 33. The Ninth District concluded that "credit card accounts are more properly categorized as open accounts." *Id.* Citing a decision from an Indiana appellate

court, the Ninth District concluded that "the statute of limitations begins to run after the last activity on the account." *Id.* at ¶ 35, citing *Smither v. Asset Acceptance, LLC*, 919 N.E.2d 1153, 1159 (Ind.App.2010). Under the facts of the case, the last activity in the account would have been, at the latest, in June or July 2006. *Id.* Because that date occurred after the effective date of Ohio's borrowing statute, the court of appeals held that the trial court "erred by granting summary judgment to the defendants upon finding that Ohio's borrowing statute was not applicable in granting summary judgment to the defendants * * *." *Id.* at ¶ 36. The court, therefore, remanded the case to the trial court for resolution of the plaintiff's claims. *Id.*

**{¶ 81}** The Supreme Court of Ohio accepted an appeal in *Jarvis* in April 2013. *See Jarvis v. First Resolution Invest. Corp.*, 135 Ohio St.3d 1412, 2013-Ohio-1622, 986 N.E.2d 29. As pertinent here, the propositions of law asserted in the appeal are that: "Absent an agreement otherwise, a cause of action against an Ohio consumer for breach of a credit card contract accrues in Ohio;" and that: "Absent an agreement otherwise, a claim for breach of a credit card contract accrues when a consumer fails to make a required payment, and subsequent insufficient payments do not cure the breach." Merit Brief of Appellants, Cheek Law Offices, LLC, and Attorney Parri Hockenberry, in Supreme Court Case No. 2013-0118, p. ii.[3]

**{¶ 82}** The Eighth District Court of Appeals reached similar conclusions concerning the date that the statute of limitations commences in *Midland Funding, L.L.C. v. Hottenroth*, 2014-Ohio-5680, 26 N.E.3d 269 (8th Dist.), *appeal accepted for review*,

---

[3] The propositions of law in all the merit briefs, including briefs filed by amici curiae, are the same.

142 Ohio St.3d 1464, 2015-Ohio-1896, 30 N.E.3d 973. In *Hottenroth*, the court of appeals held that "an account remains open until both settled to a single liability and closed by one of the parties." *Id.* at ¶ 21. The court further stated that "[t]ypically, the making of a partial payment on an open account before the statute of limitations expires extends the implied promise to pay the balance owed amount, acting to renew the statute of limitations period." (Citation omitted.) *Id.* at ¶ 24. The Supreme Court of Ohio has issued an order staying the case and holding it for the decision in *Jarvis*. *See* 2015-Ohio-1896.

{¶ 83} Again, as I have pointed out before, any issue pertaining to the statute of limitations is irrelevant because VanLeeuwen did not properly raise the statute of limitations as a defense. However, the majority's description of the issue involved in the case it cited is incorrect.

{¶ 84} For the reasons stated, I would affirm the trial court's decision to grant judgment on the pleadings to Portfolio on the issue of liability. Accordingly, I very respectfully dissent, in part.

. . . . . . . . . . . . .

Copies mailed to:

Kelly L. Williams
Gary F. VanLeeuwen
Hon. Carl Sims Henderson